JOHNSON *v*. MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered May 31, 1920.

EVIDENCE—CONCLUSION OF WITNESS.—On petition by attorneys to enforce their statutory lien against a railroad company, testimony of the defendant relative to the contract between himself and the attorneys, that "it was understood," etc., *held* not inadmissible as a conclusion or opinion of the witness as to the intention of the parties, where the witness in explanation added, "That is what was said."

Appeal from Baxter Circuit Court; *J. B. Baker,* Judge; affirmed.

*Allyn Smith,* for appellants.

This is the second appeal in this case. 214 S. W. 17. The judgment on this appeal should also be reversed, because the testimony of the administrator shows that he testified to a conclusion and not to facts within his own personal knowledge. The whole of Wall's testimony was incompetent. 214 S. W. 23; 213 S. W. 4. Where a clause in a contract is ambiguous, to determine its true meaning and the intention of the parties, a witness can not state his conclusions, but the facts within his personal knowledge. 110 Ill. App. 23; 112 *Id.* 50; 78 Fed. (C. C. A.) 325; 105 Ark. 421; 151 S. W. 275; 179 *Id.* 1187, par. 3; 128 Fed. (C. C. A.) 672; 39 So. 883; 49 N. Y. 390; 177 Pac. 321; 55 Ill. 514. Where a written instrument is ambiguous, parol evidence is admissible to show the circumstances attending the transaction. 95 Pac. 154; 88 Miss. (6 Allen) 553. The parol evidence must be confined to the acts and language of the parties. 66 Am. Dec. 274. Facts must be stated, not conclusions. 24 Ark. 255; 67 Id. 371; 95 *Id.* 155; 125 S. W. 1036; 57 N. Y. 147; 133 Ill. 79; 16 N. H. 410; 112 Ind. 309. Opinions of witnesses are incompetent. 108 Iowa 500; 79 N. W. 285; 94 *Id.* 206; 49 Iowa 703; 91 Kan. 871-2; 89 N. E. 723. Prior negotiations were incompetent. 128 Fed. (C. C. A.) 672. Wall's testimony was incompetent. See, also, 66 Am.

Dec. 274; 26 Okla. 33; 73 U. S. 773. For the error in admitting this testimony and the weight given it by the court, the judgment should be reversed. Cases *supra.*

*Troy Pace,* for appellee.

1. The appellants have not fully abstracted the testimony, and the judgment should be affirmed under rule 9. 87 Ark. 202; *Savage* v. *Savage,* 143 Ark. 388.

2. The law of this case is settled in 214 S. W. 17-19. The facts are undisputed. The law holds a man responsible for ambiguities in his own expressions. 86 S. E. 911. No error was committed by the court in admitting testimony as to the understanding of the administrator as to the intention in the use of the ambiguous language. The rule is well settled that in the construction of contracts effect should be given to the intention of the parties at the time they entered into the contract. 238 U. S. 202. In ascertaining that intention the courts look to what the parties said. 17 Wall. 19. If the language is ambiguous it is to be interpreted in the sense that the promisor knew, or had reason to know, that the promisee understood it. 207 Fed. 682; 100 N. E. 1111; 80 Atl. 25; 73 N. Y. 505. Where the contract is ambiguous, it will be construed most strongly against the party employing the words concerning which the doubt arises. 12 Wall. 404; 107 N. E. 1066. The contract must be determined by what the parties said contemporaneously with the making thereof. 67 Ark. 542-550; 218 S. W. 831; 214 S. W. 17, 19-20. See, also, 26 N. E. 510; 85 Ill. 138; 39 Ind. 1; 76 S. E. 91. On the whole the judgment is right and there was no error.

HART, J. This is a petition to enforce an attorney's lien under the statute, by Jo Johnson and others against the Missouri Pacific Railroad Company. This is the second appeal in the case. The opinion on the former appeal is reported under the style of *Johnson* v. *Mo. Pac. Rd. Co.,* 139 Ark. 507.

On the former appeal the court held that where a written instrument contains a latent ambiguity, parol testimony of the facts and circumstances surrounding its execution may be given to clear away its uncertainty, such evidence being admissible, not for the purpose of adding to, nor substracting from the contract, but for the purpose of ascertaining what the parties meant by the words used. On the remand of the case, it was tried before the court sitting as a jury. The court found the issues in favor of the defendant, and the case is here on appeal.

Johnson testified for himself, but, inasmuch as the only question raised by the appeal is as to the competency of the testimony for the railroad company and its legal sufficiency to sustain the finding of the court, it will not be necessary to abstract the evidence adduced in favor of Johnson.

An engineer of the Mo. Pac. Rd. Co. was killed while operating a passenger train in the State of Arkansas, and his death resulted from the negligence of the company in leaving a boulder on the railroad track which derailed the engine. Johnson was an attorney at law, and was consulted by G. W. Wall, the decedent's administrator, about bringing a suit against the railroad company for damages. Johnson and the administrator talked about the case before they entered into a written contract for the employment of Johnson. Johnson brought a suit for damages, and, while it was pending, the administrator effected a compromise with the railroad company. He claimed that under the contract Johnson was not entitled to any fee for his services because the amount for which the claim was settled was less than $10,000, and that by the terms of the contract Johnson was not to receive any compensation unless a greater amount than $10,000 was recovered.

On the other hand, it was claimed by Johnson that the limitation of $10,000 was in case, he, Johnson, compromised the suit without the sanction of the administrator. Hence this lawsuit.

We copy from the testimony of G. W. Wall, the administrator, as shown by the record, the following:

"Q. Have you in your hand a copy of the contract that was executed by you?

"A. Yes, sir.

"Q. I notice in the contract, down beneath the printed part and before the signature, some writing in pen and ink; 'My part to be not less than $10,000,' and it is admitted that this was written by Mr. Johnson, and the further paragraph: 'And I have privilege of accepting the railroad company's offer of compromise up to $25,000, if they make an offer after giving them four or five days notice and no fee goes to you," is in your handwriting?

"A. Yes, sir.

"Q. With reference to the first clause, 'My part to be not less than $10,000,' to whom does it refer?

"A. To the estate.

"Q. What was the agreement between you and Mr. Johnson and what was the intention in the use of that language?

"*By Mr. Johnson:* We object as irrelevant, immaterial, incompetent and calling for a conclusion of the witness.

"*By the Court:* It is a compound question. First he asks what was the agreement, and then what was the intention. I will overrule the objection and let him answer, but, in that connection will say this, that the opinion of the witness as to the intention will not be considered by the court as evidence in the case.

"*By Mr. Johnson:* Note our exceptions."

After some further questions with regard to the matter we also quote from the testimony of Wall the following:

"Q. What was said between you and Mr. Johnson, at the time, with reference to this $10,000 provision?

"*By Mr. Smith:* At the time of the signing of the contract?

"A. That was understood at the time—that the estate was to receive not less than $10,000 and no fee to go to the attorney on a recovery under $10,000.

"*By Mr. Smith:* I move to exclude the answer of the witness as not responsive.

"*By the Court:* I am of the opinion that the objection should be sustained 'that it was understood,' without stating how it was understood.

"A. That is what was said in regard to the $10,000."

Other portions of the testimony of Wall show that under the contract Johnson was not to have any compensation unless more than $10,000 was recovered and that it did not make any difference in this regard whether the compromise was effected by the administrator or by Johnson.

It is earnestly insisted by counsel for Johnson that the judgment should be again reversed because the testimony of the administrator shows that he was testifying to a conclusion and not to facts within his own personal knowledge. We can not agree with counsel. When that part of Wall's testimony which we have copied from the transcript in our statement of facts is carefully considered, it shows that Wall was testifying as to the facts and circumstances surrounding the execution of the instrument and as to matters of his own personal knowledge. It is true he first used the words, "that it was understood," at the time that the estate was to receive not less than $10,000 and that no fee was to go to the attorney on a recovery under $10,000.

The court sustained an objection to the language "that it was understood" because the witness did not state how it was understood. The witness immediately answered that that was what was said in regard to the $10,000. This indicated that the witness used the words, "that it was understood," as a colloquialism in the sense of that it was agreed. The language of the trial court, when objection was first made to the testimony of Wall,

as shown in our statement of facts, indicates that the court understood the law and did not intend to base its finding on any conclusion or opinion of the witness as to the intention of the parties in making the contract. Therefore, the court did not err in receiving the testimony of Wall.

The testimony for the railroad company was legally sufficient to support the finding of the court, and the judgment must be affirmed.