Lorine Andrews Smith, Adm'x v. Noel W. Perkins, et al

5-4843                                        439 S.W. 2d 275

Opinion Delivered March 24, 1969

[Rehearing denied May 5, 1969.]

*Shelby R. Blackmon* and *Billy B. Bowe* for appellant.

*Wright, Lindsey & Jennings* by *William R. Overton* for appellees.

Lyle Brown, Justice.    The parties in interest on appeal are the appellant, Lorine Andrews Smith, Administratrix, and Chicago, R.I. & P.R.R. Co., an appellee.    Russell C. Smith was fatally injured in a crossing accident at Carlisle.    His administratrix brought suit against the railroad company, Noel Perkins, and Harold Snyder.    A verdict was directed in favor of Snyder and Perkins was found to be free of negligence.    The jury apportioned the negligence, 70% to the deceased, Smith, and 30% to the railroad company, which of course resulted in a judgment for the railroad. The sole contention on appeal is that there was a colloquy between the trial judge and the jury foreman which con-

fused the jurors to the prejudice of plaintiff administratrix.

The certified transcript shows that the jury executed six interrogatories but before announcing the findings this conversation transpired:

FOREMAN:

We have a question, we don't know if it should be asked in secret.

THE COURT:

No sir. There is nothing in secret, it should be in open court.

FOREMAN:

It has to do with the amount. We have figures, we are not sure whether this figure is supposed to correspond with some figure, the way we understand it you just want the dollar figure.

THE COURT:

What one do you refer to?

FOREMAN:

Number Six.

THE COURT:

I think that would be just dollars.

FOREMAN:

That is what we thought. We wanted to be sure.

The conversation was there ended and the record recites that the foreman thereupon read "in the presence of the other members of the jury, the parties and their attorneys and the court the interrogatories agreed

upon by the jury.'' The interrogatories were handed to the judge and the jury was discharged. Interrogatory number one found Russell C. Smith guilty of negligence. Number two found Noel Perkins free of negligence. Number three found the railroad guilty of negligence. Number four fixed Smith's negligence at 70% and the railroad's at 30%. Number five fixed damages to the estate at $900. Number six found that Lorine Smith and the next of kin sustained damages of $25,000.

The foreman did not designate the figures to which he referred when he said, ''we have figures, we are not sure whether this figure is supposed to correspond with some figure.'' Surely he must have been referring to various dollar figures that had been introduced in evidence or suggested in closing arguments. That conclusion is more logical than the novel reasoning advanced by appellant, namely that the answer given by the judge to the jury affected their answers to the interrogatory concerning percentages of negligence. In fact, the record reflects that at the time of the conversation between the judge and the jury foreman, the interrogatories had already been executed. In oral argument, appellant's counsel contends that the jury returned for further deliberation after questioning the trial judge, but that assertion is contrary to the record.

It is undisputed that no objection was made to the completed interrogatories or to the conversation between judge and jury until days after the jury had been discharged. Before the discharge of the jury appellant had a right to have the jurors polled. She had a right to call for corrective measures to cure any apparent confusion caused by remarks of the trial judge. Further she had a right, and duty, to then and there call any irregularities to the attention of the trial court. *Southern Cotton Oil Co.* v. *Campbell*, 106 Ark. 379, 153 S.W. 256 (1913).

430

Three days after the trial the administratrix secured from each of the jurors an identical affidavit. Those affidavits stated that the jurors were misled by the responses made by the trial judge to the questions asked by their foreman. The affidavits were filed with the trial court in support of a motion for new trial. The trial court, and properly so, apparently gave no consideration to the affidavits. Nor do we consider them on appeal. Testimony or affidavits of jurors cannot be used to impeach a verdict except in instances where the verdict was reached by lot. *Strahan* v. *Webb*, 231 Ark. 426, 330 S.W. 2d 291 (1959) ; *Pleasants* v. *Heard*, 15 Ark. 403 (1855) ; Ark. Stat. Ann. § 43-2204 (Repl. 1964).

Affirmed.

JONES, J., not participating.