## NATIONAL CREDIT CORPORATION *v.*
## J. T. RITCHEY

5-6225                                          491 S.W. 2d 811

### Opinion delivered March 26, 1973

*Dickey, Dickey & Drake, Ltd.,* for appellant.

*Jones, Matthews & Tolson,* for appellee.

FRANK HOLT, Justice. The appellee initiated this action against the appellant to recover damages for personal injuries allegedly caused by appellant's negligence. A jury

awarded him $37,500. Appellant, in support of its motion for a new trial, offered into evidence the affidavit of one of the jurors (there were other juror affiants) suggesting that the verdict was reached by lot. The trial court, concluding that it had no authority to accept the proffered affidavit, held it inadmissible and denied the motion for a new trial. On first appeal, we reversed and remanded "with instructions to accept the affidavits or hear testimony in connection with the appellant's petition for a new trial and grant or deny the motion as the proof may require." *National Credit Corporation* v. *Ritchey*, 252 Ark. 106, 477 S.W. 2d 488 (1972). On remand the trial court, after hearing the testimony of eight of the jurors, determined that the verdict was not arrived at by lot and, accordingly, again denied appellant's motion for a new trial. Appellant first contends for reversal that the verdict was reached by lot. We must affirm the trial court's finding on this issue of fact since there is supporting substantial evidence.

Of course, when a verdict is made by lot, the verdict should be set aside and a new trial granted. Ark. Stat. Ann. § 43-2204 (1964 Repl.). In *National Credit Corporation* v. *Ritchey, supra,* we distinguished a quotient verdict from a verdict by lot:

> "When each juror *first* arrives at the amount he thinks the verdict should be and makes known that amount to the other jurors, if the jury *then* adds the amounts and divides the sum by their number and agree on the result as the jury verdict, then the verdict so made is a *quotient* verdict. While we in no wise approve of such procedure, a verdict so made cannot be later impeached by the testimony of a member of such jury. Where such procedure is agreed to by the jury in *advance* before each juror determines and reveals what amount he thinks the verdict should be, a verdict so made is no longer a mere *quotient* verdict, but amounts to a verdict by *lot* and each juror is in a position to control the odds."

It appears that after deliberating for approximately 2 hours and 40 minutes, the jury was unable to agree. The court then instructed the jurors to continue their deliberation. A verdict was reached after further dis-

cussion of approximately 40 minutes. It is undisputed that the $37,500 verdict was reached by a quotient process. A blackboard in the jury room reflected that the jurors assessed appellee's damages as follows: $100,000—2; $25,000—8; $50,000—1; none—1; the total of $450,000 was divided by 12 which resulted in the $37,500 verdict. In contending that the verdict was reached by lot, appellant asserts that at least five of the jurors testified at the hearing "that the jurors agreed in advance to be bound by the results of the quotient process, and all of them signed the verdict." Even if this be true, although some of their testimony is contradictory, there is other testimony that indicates that no such agreement was made to produce a verdict by lot. For instance, as abstracted, one juror stated "[A]fter it was deadlocked and we couldn't make no decision, we waited and everybody decided, then we wrote it down and then passed it around to one another and everybody seen it and then the lady took it and went to the blackboard and I believe she multiplied and then divided it." This juror testified that "after she figured on the blackboard then we all agreed on it." Further, "[T]his was the only agreement" and "[T]here was no agreement prior to putting it down." Another juror, as others, testified that they had great difficulty in reaching a verdict because some wanted figures that varied from $250,000 to nothing. This juror testified on cross-examination that she recalled the amounts had been written down several times and they had turned them in to the foreman. However, there were not enough agreeing on the same amount to render a verdict. In answer to a question as to whether she considered it a fair verdict, she stated "I voted for it." Another juror testified that the jury had voted several times and kept "cutting the figure down." Also, he knew the amounts that were being suggested by each member of the jury and his figure was known to the other members. Also, before the numbers were written on the board they were discussed three or four times and that he voted for the verdict. He further testified that he did not and would not have agreed in advance to be bound by "the final amount." He voted to accept the $37,500 verdict after it was written on the board. There was other corroborating testimony that "the final amount" was voted and agreed upon after its determination.

The burden of proof was on the appellant to convince the trial court, the fact finder, by a preponderance of the evidence that it was a verdict by lot and not a quotient verdict. The determination of the preponderance was solely within the province of the trial court and on appeal it is well settled that we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the appellee and we must affirm if there is any substantial evidence to support the trial court's findings. *Washington Natl. Ins.* v. *Meeks,* 252 Ark. 1178, 482 S.W. 2d 618 (1972). There we said:

> "***As indicated, it is well established that on appeal in determining the sufficiency of the evidence, we consider only the appellee's testimony or that which is most favorable to him.***"

In *Fanning* v. *Hembree Oil Co.,* 245 Ark. 825, 434 S.W. 2d 822 (1968), we said:

> "We do not disturb the finding of fact merely because of contradictions in the testimony and circumstances; we must be able to say there is no reasonable probability that the incident occurred as found by the trial court sitting as a jury."

In the case at bar certainly we cannot say, even though there is conflicting and contradictory evidence, that the finding of the trial court is not supported by substantial evidence when we view it and all reasonable inferences deducible therefrom in the light most favorable to appellee.

Quotient verdicts, although frowned upon, have long been established as permissible as distinguished from verdicts by lot. *Ark. State Highway Comm.* v. *Vandiver,* 240 Ark. 26, 397 S.W. 2d 802 (1966). In *Lin Mfg. Co. of Ark.* v. *Courson,* 246 Ark. 5, 436 S.W. 2d 472 (1969), we were urged to overrule *Vandiver* and its predecessors and we declined to do so. Ark. Stat. Ann. § 43-2204 (1964 Repl.) provides that a juror cannot be examined to establish a ground for a new trial except for the purpose of showing that the verdict was reached by lot. In *Brock* v. *State,* 237 Ark. 73, 371 S.W. 2d 539 (1963), we interpreted the stringency of that statute as follows:

"The policy of the statute, which affords the jurors the protection of secrecy in their deliberations and also gives stability to verdicts, needs no defense."

Appellant makes the argument that "the better reasoned approach is set forth in the leading case of *Benjamin* v. *Helena Light & R. Co.*, 79 Mont. 144, 255 P. 20 (1927)." Suffice it to say that the statute interpreted there is dissimilar to our own statute.

Appellant next asserts for reversal that the court erred in refusing to permit three witnesses to refer to their sworn statements to refresh their memories. It appears that a few days after the trial these three witnesses (jurors) signed affidavits that they had agreed in advance to be bound by the results by totaling the amount each juror wanted to give and then dividing it by 12. As we understand the record the appellant neither voiced surprise nor laid the proper foundation to examine the witnesses based upon these affidavits. They were appellant's witnesses. Therefore, we think the trial court was correct. *Jonesboro, L. C. & E. Rd. Co.* v. *Gainer*, 112 Ark. 477, 166 S.W. 571 (1914), and Ark. Stat. Ann. § 28-706 (1962 Repl.). A sufficient answer to this contention, however, is that the matter is largely within the discretion of the trial court. 98 C.J.S. Witnesses § 358. It is not demonstrated that the court abused its discretion.

Affirmed.

HARRIS, C. J., not participating.

JONES, J., dissents.