312

Vernon BRIDGES *v.* A. E. HEMMER, as Father
and Next Friend of Steven HEMMER, and A. E.
HEMMER, Individually

73-279                                  506 S.W. 2d 835

Opinion delivered March 25, 1974

*Alex G. Streett,* for appellant.

*Ike Allen Laws Jr.,* for appellee.

FRANK HOLT, Justice. Steven Hemmer, appellee, was injured in a motorcycle accident when struck by defendant appellant Bridges' automobile. The jury returned a verdict for the appellant. After the jury rendered its verdict and was discharged, the foreman and another juror, who had remained, were observed to have in their possession some papers which the foreman delivered to the court. They were then questioned by appellees' and appellant's attorneys. The examination revealed that two of appellees' requested instructions had been found by the jury in the jury room upon retiring for its deliberation during which the jury read them. It appears the instructions were inadvertently left there following a court conference. One of the instructions was a general verdict or a closing instruction which was given in substance as proffered by the appellees. The other was appellees' comparative negligence instruction. Another was given which differed only in that it provided for recovery of the alleged damages by the appellee father in a representative capacity and individually. A subsequent proceeding was held wherein the court granted appellees' motion for a new trial over appellant's objection. We agree with the appellant.

In doing so we need not reach the propriety of the proceedings under Ark. Stat. Ann. § 43-2204 (Repl. 1964), which prohibits examination of a juror to establish grounds for a new trial except to show a verdict was arrived at by lot.

Our "new trial" statute, Ark. Stat. Ann. § 27-1901 (Repl. 1962), sets forth the following standard:

A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

First. Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial.

Since both of the instructions found in the jury room were appellees' requested instructions, we do not perceive any prejudice from the jury's possession of appellees' own instructions. Appellees have not demonstrated any irregularity affecting materially their substantial rights which prevented them from having a fair trial within the standards of § 27-1901, *supra*.

Reversed and remanded for entry of judgment on the verdict.