Susan Lynn CROWDER et al *v.*
Carl FLIPPO et al

77-358                                    565 S.W. 2d 138

Opinion delivered May 8, 1978
(Division II)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for appellants.

*Patterson & Welch,* by: *Morgan E. Welch,* for appellees.

DARRELL HICKMAN, Justice. The only issues on appeal of this circuit court involving an automobile accident is whether the trial court abused its discretion in granting a new trial.

This case was tried before a jury that returned a verdict refusing to award any of the parties damages. The appellees filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial. The grounds set forth in the motion were that the verdict could not be supported by the evidence. The trial court set aside the verdict and granted a new trial because it was convinced an improper instruction

had been given. The appellants argue on appeal that the trial court exceeded its authority because there was no objection made to the instruction at the time it was given. We agree.

Trial courts have broad discretion in granting new trials. *Security Insurance Co.* v. *Owen*, 255 Ark. 526, 501 S.W. 2d 229 (1973). The authority for such action is contained in an Arkansas statute which sets forth the grounds or reasons for setting aside a verdict. Ark. Stat. Ann. § 27-1901 (Repl. 1962). The only reason stated in the motion was that the verdict was not supported by the evidence. The trial court, on its own, decided that an instruction given was erroneous. However, it is undisputed there was no objection to the instruction at the time it was given. An erroneous instruction is an error of law. Since the statute requires that errors of law be objected to by the party at trial, the granting of a new trial in this case was improper.

Therefore, we feel that the trial court abused its discretion and, consequently, reverse its decision.

Affirmed.

We agree. HARRIS, C.J., and BYRD and HOWARD, JJ.