MISSOURI PACIFIC RAILROAD COMPANY
et al *v.* Minnie Faye MERRILL, Individually
and as Guardian, et al

78-305                                    578 S.W. 2d 35

Opinion delivered March 12, 1979
(Division I)

*Herschel H. Friday, Overton S. Anderson* and *Donald H. Bacon,* by: *Overton S. Anderson* and *Donald H. Bacon,* for appellants.

*W. H. ("Dub") Arnold,* for appellees.

JOHN I. PURTLE, Justice. This case results from a railroad crossing accident in Whelan Springs, Arkansas, wherein a Missouri Pacific train struck a 1978 Ford truck driven by Gordon Gene Merrill, who was fatally injured. Minnie Faye Merrill, appellee, brought suit against Missouri Pacific Railroad and two of its employees on behalf of herself, the estate, and heirs of the decedent. The case was submitted to the jury on interrogatories as follows:

. . .

(1) Do you find from a preponderance of the evidence that Dean Davis was guilty of negligence which was a proximate cause of the occurrence?

(2) Do you find from a preponderance of the evidence that M. R. Evans was guilty of negligence which was a proximate cause of the occurrence?

(3) Answer this interrogatory only if you have answered "yes" to one or more of interrogatories 1 or 2: Do you find from a preponderance of the evidence that Gordon Gene Merrill was guilty of negligence which was a proximate cause of any damages he may have sustained?

(4) Do you find from a preponderance of the evidence that Gordon Merrill assumed the risk of his own injuries?

(5) This interrogatory instructed the jury to apportion responsibility in the event one or more of inerrogatories 1 through 4 were answered "yes."

The jury answered interrogatories 1, 2, 3, and 4 "no." Number 3 was not signed at all. The court then explained to the jury their answers to the interrogatories completed the case and the jury was discharged. Subsequently, the court discovered a note on the back of one of the interrogatories which was signed by eleven (11) jurors and reads as follows:

"It is the decision of the jury that the individuals named in this suit are not personally negligent in causing the accident resulting in the death of Mr. Merrill. However, we do find Missouri Pacific negligent in its failure to provide proper warning signals at this particular crossing and an unobstructed view of the approaching train. Because of the negligence on the part of the railroad, we also feel that Mrs. Merrill should be awarded some compensation to cover medical and burial expenses."

The court also discovered it had inadvertently left out AMI Instruction 208 which had been agreed upon by the parties. Appellees moved for a new trial based upon the note

from the jury and the failure to give AMI 208. The court entered the following order:

> The Court grants a new trial because the verdict of the jury and the answers to the written interrogatories are inconsistent and since the jury has been discharged the Court finds that a new trial must be granted in order to provide Plaintiffs a fair trial. Furthermore, it has been discovered that an agreed jury instruction was inadvertently left out of the formal charge to the jury that was necessary for the jury to be properly instructed as to the law of negligence as between employer and employee.

Appellants argue on appeal that the court erred in granting a new trial.

We will first examine the grounds upon which the court may grant a new trial as set out in Ark. Stat. Ann. § 27-1901 (Repl. 1962) which are stated as follows:

> A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court. The former verdict or decision may be vacated and a new trial granted, on the application of the party aggrieved, for any of the following causes, affecting materially the substantial rights of such party:

> First. Irregularity in the proceedings of the court, jury or prevailing party, or any order of court or abuse of discretion, by which the party was prevented from having a fair trial.

> Second. Misconduct of the jury or prevailing party.

> Third. Accident or surprise which ordinary prudence could not have guarded against.

> Fourth. Excessive damages appearing to have been given under the influence of passion or prejudice.

> Fifth. Error in the assessment of the amount of recovery,

whether too large or too small, where the action is upon a contract or for the injury or detention of property.

Sixth. The verdict or decision is not sustained by sufficient evidence, or is contrary to law.

Seventh. Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.

Eighth. Error of law occurring at the trial, and excepted to by the party making the application.

AMI 208 provides as follows:

"At the time of the occurrence Missouri Pacific Railroad and Dean Davis and M. R. Evans were employer and employee. Therefore, any negligence on the part of Dean Davis and M. R. Evans is charged to Missouri Pacific Railroad Company."

In the first place, AMI 208 should not be given when the case is presented to the jury on interrogatories. *Argo* v. *Blackshear,* 242 Ark. 817, 416 S.W. 2d 314 (1967). In any event, the instruction was argued to the jury by appellees at the close of the case. Further, it was stipulated that Dean Davis and M. R. Evans were employees of the Missouri Pacific Railroad Company and were in the course of their employment at the time of the occurrence. Therefore, we cannot see any error in the court failing to give an instruction which itself was not proper if objected to. The court gave AMI 203 which informed the jury that if Dean Davis and M. R. Evans were guilty of negligence which proximately caused appellees' damages the jury could return a verdict for appellees. Since the specific answers to the interrogatories found Davis and Evans were not negligent, appellees were precluded from obtaining a favorable verdict. If the failure to give AMI 208 was error at all, it would obviously be harmless in view of the circumstances.

The question relating to the note written by the jury is of a more serious nature. For the purpose of this decision, we

will treat it as a general verdict although it was couched in terms more in the nature of a recommendation. No evidence was presented to the jury upon which such a verdict could be supported. It was agreed that the only issues were whether the appellants sounded the whistle or kept a proper lookout. The answer by the jury of the first two interrogatories answered these issues in favor of appellants.

Ark. Stat. Ann. § 27-1901 (Repl. 1962) states the trial court may grant a new trial, upon application of the aggrieved party, if one of the causes listed materially affected the substantial rights of such party. We do not find any of the eight grounds listed in Ark. Stat Ann. § 27-1901 (Repl. 1962) to be present in this case. Since the irregularity did not materially affect any substantial rights of appellees, there was no basis for granting a new trial. *Bridges* v. *Hemmer,* 256 Ark. 312, 506 S.W. 2d 835 (1974).

The general verdict written by the jury is in conflict with the special verdict or interrogatories. The subject matter of this general verdict was not a matter which was presented to them by the court. Such situation has been discussed in 89 C.J.S. Trial, § 565, as follows:

> "It is proper to disregard as surplusage certain matters contained in a special verdict or in special findings or answers to interrogatories, such as conclusions of law, evidentiary facts, a memorandum preceding the answers, findings on, or answers to, issues or interrogatories improperly submitted, a finding on the matter not submitted to the jury, findings of matters outside the issues, or findings of immaterial facts or on immaterial questions or issues. Also, it has been held that a general verdict may be ignored where, without any instructions from the Court, it was returned with answers to questions submitted."

A case almost on all fours with the present case is reported in *Chicago, Rock Island & Pacific Railroad Co.* v. *Davis,* 239 Ark. 1059, 397 S.W. 2d 360 (1965), wherein the jury returned a verdict in favor of two railroad employees who were charged with lookout and sounding the whistle and

against the employer railroad. We held in the last quoted case that the issue upon which the jury returned its verdict against the railroad was not presented for the jury to consider. We believe the same situation is present here. There were no issues upon which the jury could find as it did in the present case.

Finally, Ark. Stat. Ann. § 27-1741.3 (Repl. 1962) has been interpreted to hold that interrogatories have priority over a general verdict in the event they are inconsistent. *Southwestern Electric Co.* v. *Camp,* 253 Ark. 886, 489 S.W. 2d 498 (1973). Therefore, the trial court abused its discretion in granting the motion for a new trial.

Reversed and dismissed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.