Calvin and Juanita DALE, Co-administrators
*v.* Hershel Lee SUTTON

81-126                                                    620 S.W. 2d 293

Supreme Court of Arkansas
Opinion delivered July 20, 1981
[Rehearing denied September 21, 1981.]

*John T. Harmon* and *Jeff Mobley*, for appellants.

*Robert R. Cortinez*, for appellee.

GEORGE ROSE SMITH, Justice. In 1977 Wanda Faye Sutton died as a result of injuries sustained in an automobile accident. She was survived by her second husband, the appellee, and by three minor daughters, two by her first husband and one by the appellee. The appellants, the deceased's parents, were appointed as administrators of the estate. Their action for wrongful death, brought by them as personal representatives of the estate, was settled with probate court approval for a net amount of about $21,000, after the payment of costs and attorney's fees.

The administrators then filed the present petition in the probate court for an appointment of the recovery. They sought nothing for themselves, as parents, but asked that the money be divided equally among the three children. The appellee, as the surviving husband, contested that division, asserting that he was entitled to an "appropriate share" of the recovery. After a hearing the probate court entered an order directing that the surviving husband receive one third of the recovery and that the three children each receive two ninths. Earlier language in the order referred to the husband's award as "a curtesy amount of one third." The administrators' appeal was certified to us by the Court of Appeals. For reversal the appellants argue that a divorce suit was pending at the time of the decedent's death, that the husband failed to adduce any evidence of pecuniary injury, that he was not entitled to an award of curtesy, and that we should direct an equal division of the money among the three children.

At the probate court hearing neither side offered any proof of particular elements of damage such as pain and

suffering that would have been recoverable for the estate. AMI Civil 2d, 2215 (1974). Neither side offered any proof of pecuniary injuries (defined in AMI 2215), which would have been recoverable for the surviving spouse and next of kin. *Law* v. *Wynn*, 190 Ark. 1010, 83 S.W. 2d 61 (1935);*Fountain* v. *Chicago, R.I. & P. Ry.*, 243 Ark. 947, 422 S.W. 2d 878 (1968), adopting by reference the dissenting opinion in *Peugh* v. *Oliger*, 233 Ark. 281, 345 S.W. 2d 610 (1961). The surviving husband, however, testified that although his wife had filed suit for divorce before her death they had continued to have marital relations, to have family outings with the three children on weekends, and to try to reconcile their differences. No testimony was offered on behalf of the children.

The statutes provide that the court approving a compromise settlement in a death case shall fix the share of each beneficiary, upon the evidence, and that the probate court shall consider the interests of all the beneficiaries. Ark. Stat. Ann. §§ 27-908 to -910 (Repl. 1979). The mental anguish award to each beneficiary is to be determined on an individual basis. *Peugh* v. *Oliger, supra*. The appellee testified that he had paid the funeral bill, an expense recoverable by a surviving husband. *McCormick* v. *Sexton*, 239 Ark. 29, 386 S.W. 2d 930 (1965). His testimony concerning his mental anguish was in our opinion sufficient in itself to support the amount of the award to him. We do not construe the trial court's reference to "a curtesy amount" to mean that the husband's share was determined arbitrarily, without regard to the evidence. It is our practice to sustain the trial court's judgment if it is right, even though he gives the wrong reason. *Reeves* v. *Ark. La. Gas Co.*, 239 Ark. 646, 391 S.W. 2d 13 (1965). An appellant, seeking reversal, has the burden of showing that the trial court was wrong. *Poindexter* v. *Cole*, 239 Ark. 471, 389 S.W. 2d 869 (1965). Here the appellee's testimony upon an issue of fact was uncontradicted, with no evidence being adduced by the appellants. We cannot say that their burden of demonstrating prejudicial error has been sustained.

Affirmed.

HICKMAN and DUDLEY, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. I dissent because I think the trial court found that the husband of the deceased was entitled as a matter of law to an award equal to his curtesy interest. In his order the probate judge mentioned that the award was for the husband's curtesy amount. When the appellants' attorney asked Sutton how much money he wanted, an objection was made and it was pointed out to the probate judge by the appellee's lawyer that the amount was a matter of law. The argument on appeal is that the chancellor erroneously applied the law. I cannot say from this record that the facts support the conclusion that there is adequate evidence to justify the order that was entered. Therefore, I dissent. I would remand the case to permit the appellants to inquire regarding the husband's damages in accordance with the law.

DUDLEY, J., joins in this dissent.