Clyde MARTIN et al *v.* Kenneth BLACKMON et al

82-72                                              640 S.W.2d 435

Supreme Court of Arkansas
Opinion delivered October 18, 1982

*Wright, Lindsey & Jennings,* for appellants.

*Wright & Chaney, P.A.,* for appellees.

FRANK HOLT, Justice. The principal issue in this case is whether the trial court erred in setting aside its declaration of a mistrial and reinstating the jury verdicts.

On November 24, 1981, a jury rendered verdicts of $222,698.81 in favor of appellee Delma Gold and $18,755.76 in favor of appellees Kenneth and David Blackmon against the appellants Clyde Martin and Arkansas Power and Light Company. The appellants' attorney requested that the trial court poll the jury. The court then asked each of the eleven jurors, who had signed the verdicts, whether they were his or her own verdicts and "not the result of compromise." Ten jurors spontaneously affirmed the verdicts as their own. One

juror stated, "That was compromise." Upon further questioning, another juror stated that the verdicts were a "compromise." Thereupon, one juror asked the court to explain what he meant by "compromise," and the court gave the following explanation:

> Well, what I'm saying is that after you all have had every opportunity to discuss it that you are not to of course give up your own individual ideas after you have had an opportunity to discuss it between yourselves and to debate it then if this is a pure compromise such as if you all wrote down a figure and divided it by eleven it's compromise.

After this explanation another juror stated that the verdicts were a compromise. The trial court declared a mistrial and excused the jury. As the jury dispersed, appellants' counsel also left while counsel for the appellees were attempting to object and explain that the verdict, although a compromise, was valid or permissible inasmuch as there was no showing that the jury agreed to be bound in advance.

Within the next week, without notice to appellants' counsel and without approval of the court, the attorneys for the appellees obtained affidavits, transcribed by the official court reporter, from each of the eleven jurors stating that the jury had, without previous agreement to be bound by the results, taken the average of the percentage of liability each would assign to the appellants and used that as a basis for discussion. The average was 76% fault attributable to the appellants. The jury then concluded that this average was too high and reduced the amount of fault attributed to the appellants to 60%. The verdicts represent 60% of the amount requested by the appellees.

After obtaining the affidavits, the appellees moved the trial court to set aside the mistrial order and reinstate the jury verdicts. At a hearing on the motion, over the objection of appellants' counsel, the affidavits were read to the court and entered into evidence. The trial court candidly acknowledged that he had erred in declaring the mistrial since the verdict was not "a lot verdict" and reinstated the verdicts. A

few days later the appellants moved to have the mistrial order reinstated. The court's written order denying appellants' motion to reinstate the mistrial states, in pertinent part:

> . . . [A]fter considering a transcript of the proceedings conducted by this Court of November 24, 1981 at the conclusion of the trial of the cause herein, the responses of the Jurors to the Court's questioning, and arguments of counsel, . . .
>
> The court specifically finds that the polling of the jury tended to confuse the jury, and that the Court while attempting to identify if a verdict had been reached by lot, inquired if the jurors had 'compromised' in reaching their verdict . . . .
>
> After considering the Arkansas cases on the subject, and reviewing the transcription of the jurors' statements taken by the official court reporter *at the time the verdict was rendered to the Court,* the Court is of the opinion that there is no evidence that the verdict was reached by lot or in such a manner as would render the verdict impermissible. (Italics supplied.)

The court further found:

> . . . [T]his court need not rely upon those affidavits or statements in reaching its decision herein. The record according to the statements of the jurors *before being dismissed* is clear of any evidence of misconduct or of the jury having reached its verdict by lot. (Italics supplied.)

Appeal is taken from that order denying the motion to reinstate the mistrial.

The appellants argue that the appellees should have been required to clear up any confusion at the verdict proceedings by requesting that the jury be polled further. Ark. Stat. Ann. § 27-1737 (Repl. 1979); *Smith* v. *Perkins,* 246 Ark. 427, 439 S.W.2d 275 (1969). Unlike *Smith,* appellees

here objected and did all they could reasonably be expected to have done under the circumstances, as indicated previously, to correct the trial court's mistake and clear the confusion at the time of the verdict proceedings.

The appellants also argue that the trial court erred in accepting into the record the eleven juror affidavits, and, therefore, it erred by granting the motion to reinstate the jury verdict and by denying the motion to reinstate the mistrial. Appellees respond that although an affidavit may not be received to impeach a verdict, it may be received into evidence to support a verdict. *Pleasants* v. *Heard*, 15 Ark. 403 (1854); and *Stanton* v. *State*, 13 Ark. 317 (1853). Here, however, we must agree that this evidence is inadmissible pursuant to Ark. Stat. Ann. § 28-1001 (Repl. 1979), Rule 606 (b), Uniform Rules of Evidence. That rule clearly states that "a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations" but "may testify on the questions whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any jurors." *Ashby* v. *State*, 271 Ark. 239, 607 S.W.2d 675 (1980); *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W.2d 641 (1981); *Veasey* v. *State*, 276 Ark. 457, 637 S.W.2d 545 (1982). This is in contrast to the previous Arkansas statute, which allowed questioning of jurors to ascertain whether the verdict was by lot. Ark. Stat. Ann. § 43-2204 (Repl. 1964). This statute was specifically repealed when the Uniform Rules of Evidence were adopted. Acts 1975 (Extended Sess. 1976), No. 1143 § 2. Presently, it appears the law in Arkansas governing the admissibility of jurors' testimony with respect to their deliberatons is Rule 606 (b), which does not permit questioning jurors to ascertain whether they reached their verdict by lot. Further, Rule 606 (b) makes no distincton between questioning jurors to impeach a verdict and questioning them to support a verdict. Therefore, we think our caveat in *Sanson* v. *Pullum*, 273 Ark. 325, 619 S.W.2d 641 (1981), is applicable here. There we said:

> ... [I]t is improper for a lawyer to interview jurors after a trial in an effort to obtain such inadmissible affidavits to impeach their own verdict.

Likewise, here it is impermissible to question jurors in support of a verdict.

Nevertheless, we cannot reverse unless the error was prejudicial. *Brown* v. *State,* 262 Ark. 298, 556 S.W.2d 418 (1977); Rule 103 (a), Uniform Rules of Evidence; A.R.Civ.P. Rule 61. Here the trial court would have been obligated to set aside the mistrial and reinstate the verdicts even in the absence of the affidavits, because there was no ground upon which a mistrial could be declared, without an abuse of discretion, at the verdict proceedings. A verdict may not be set aside arbitrarily and without reasonable cause. *Big Rock Stone & Material Co.* v. *Hoffman,* 233 Ark. 342, 344 S.W.2d 585 (1961). See also *Bridges* v. *Hemmer,* 256 Ark. 312, 506 S.W.2d 835 (1974); and *Crowder* v. *Flippo,* 263 Ark. 433, 565 S.W.2d 138 (1978). It is apparent that the trial court, at the time of the verdict proceedings, was confused as to the distinction between a verdict by lot and a quotient verdict, which we recently explained in *Scheptmann* v. *Thorn,* 272 Ark. 70, 612 S.W.2d 291 (1981):

> Where the jurors each submit a figure and agree in advance that the verdict will be one twelfth of the total, the verdict is by lot and cannot be upheld. If, however, there is no agreement in advance to be bound by the procedure, but the jurors do adopt the result, it is a quotient verdict and is valid. *National Credit Corp.* v. *Ritchey,* 252 Ark. 106, 477 S.W.2d 488 (1982).

The party challenging a jury verdict as a verdict by lot has the burden of proving to the trial court that it was a verdict by lot and not a quotient verdict. *National Credit Corp.* v. *Ritchey,* 254 Ark. 139, 491 S.W.2d 811 (1973). Here, nothing that any juror said when polled by the trial court on the day of the trial indicated that the jury had rendered a verdict by lot. Nothing any juror said indicated misconduct of any kind. Based solely on the statements of the jurors when polled at trial, we have no hesitation in saying that the evidence to support the order of mistrial was insufficient. Since the trial court erred in ordering a mistrial, it follows that the court necessarily was correct in setting aside the mistrial.

The appellants point out that the trial court heard the affidavits from the jurors and may have been influenced by them. Proper respect for the trial court requires that we give due credence to his finding that his decision to not reinstate the mistrial order was based upon the transcription of the statements of the jurors at the time the verdict was rendered. *Garner* v. *Finch,* 272 Ark. 151, 612 S.W.2d 304 (1981). Even so, it is ultimately irrelevant whether the trial court considered or was influenced by the jurors' affidavits. The issue is whether the trial court acted properly by reinstating the jury verdict. If reinstating the verdict was the proper action to take, that action does not become error simply because the trial court gave the wrong reason for taking it. *Dale, Co-Administrators* v. *Sutton,* 273 Ark. 396, 620 S.W.2d 293 (1981); *Reeves* v. *Ark. La. Gas Co.,* 239 Ark. 646, 391 S.W.2d 13 (1965). Therefore, even if the trial court erroneously considered the inadmissible affidavits, we cannot reverse, because reinstating the verdicts was proper for the previously stated reasons.

The appellants' final argument is that the trial court erred in not granting a new trial, because the jury was not required to deliberate further. §§ 27-1737 and 27-1738. However, the jury was excused by the bailiff and the appellants' counsel left the courtroom while the appellees' counsel were attempting to object and explain the basis of their objection to the court's ruling a mistrial. Furthermore, nothing said at the verdict proceedings indicated that any juror answered in the negative when asked if it was his or her verdict, nor did any juror disagree with the verdict. Cf. *Williams* v. *Williams,* 112 Ark. 507, 166 S.W. 552 (1914).

Affirmed.

HICKMAN and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. In *Sanson* v. *Pullum,* 273 Ark. 325, 619 S.W.2d 641 (1980), we said:

> We take this opportunity to state unequivocally, for the guidance of the Bar, that in our opinion it is improper for a lawyer to interview jurors after a trial in an effort

to obtain such inadmissible affidavits to impeach their own verdict.

We should delete the word "unequivocally" because the majority is not enforcing our policy and rule. A rule not enforced is no rule at all. The trial court admitted over the objections of appellant the statements of the jurors taken contrary to the *Sanson* decision. They were improperly taken and improperly admitted as evidence. We will never know whether they influenced the judge in his decision.

The only party innocent of a mistake is the appellant. The trial court's error can only be corrected by a new trial.

HAYS, J., joins in this dissent.