Darrell BRYANT *v.* Hollis EIFLING

89-247 782 S.W.2d 580

Supreme Court of Arkansas
Opinion delivered January 22, 1990

*John L. Kearney*, for appellant.

*Huckaby, Munson, Rowlett and Tilley, P.A.,* by: *Beverly A. Rowlett*, for appellee.

OTIS H. TURNER, Justice. This is an appeal from a jury verdict in favor of the appellee, Hollis Eifling, the defendant below.

The appellant, Darrell Bryant, began an outing with the appellee at about 6:00 p.m. on March 1, 1986. Over a period of five or six hours, according to testimony, the appellee and the appellant each drank about five or six beers in bars or while riding around in an automobile driven by the appellee. At about midnight, the appellee lost control of his car on a curve while traveling about 60 miles per hour. The car left the road and struck a utility pole. The appellant alleged that he was injured as a result of the appellee's negligence.

The appellant argues two points for reversal: first, that the trial court erred in admitting medical records, purportedly those of the appellant, which in fact belonged to a third party; second, that the trial court erred in allowing the jury to consider comparative fault when the appellee admitted negligence. These points are without merit in light of the proceedings had at trial of this cause.

With respect to the first issue, the appellee tendered various hospital records containing proof of medical attention rendered to the appellant over an extended period of time. Counsel for the appellant requested and was granted an opportunity to examine the records. After examining them, the appellant's attorney expressed no objection to their introduction, and the records were

admitted.

On cross-examination, the appellant was questioned about an accident referred to in one of the items in the medical records; he denied having had such an accident and stated that the medical records concerning the incident belonged to another person with the same name. Counsel for the appellant then moved that the portion of the records referring to the disputed accident be stricken. The appellee's attorney argued that the appellant's denial that he was involved in such an accident did not go to admissibility but instead to the weight to be given that evidence. The appellant's motion was overruled.

Subsequently the matter came up again, and the appellee's attorney stipulated that the disputed medical records did not pertain to the appellant, and the jury was so advised. The appellant now argues that a mistrial should have been declared because of the prejudicial effect.

The appellant neither requested nor moved for a mistrial and therefore cannot now argue reversible error for the first time on appeal. *Thompson* v. *AAA Lumber Co.*, 245 Ark. 518, 432 S.W.2d 873 (1968). Even if a proper motion had been made and mistrial had been denied, there is a total absence of any prejudice to the appellant as a result of the objectionable evidence. Mistrial is a drastic remedy that is appropriate only if justice cannot be served by continuation of the trial and when it is obvious that the prejudice cannot be removed by any other means. *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988). Whatever prejudice there may have been, the defect was cured by the explicit stipulation by the attorney for the appellee that the medical records in question were not those of the appellant. The Supreme Court will not reverse a judgment unless the error was prejudicial. *Martin* v. *Blackmon*, 277 Ark. 190, 640 S.W.2d 435 (1982).

Regarding the second issue, it was not error for the trial court to submit the case to the jury on comparative fault. The fact that one party admits negligence at trial does not preempt consideration of any negligence of another party when negligence is properly alleged and supported by evidence. Further, there was no request by the appellant for a directed verdict, nor did the appellant object to any of the court's instructions.

 The Arkansas comparative fault statute, Ark. Code Ann. § 16-64-122 (1987), forms the basis for several instructions set forth in Chapter 21 of the Arkansas Model Jury Instructions (Civil), 3rd Edition. Here, AMI 2104, as adapted to this case, was given without objection by the appellant. AMI 2104 is the comparative negligence law when the issue of comparative negligence is submitted on a general verdict basis.

 Another jury instruction raised the defense of assumption of risk. Again, no objection was made by the appellant. This court has held that assumption of the risk by a party will not bar recovery but will be considered when assessing fault. *Simmons* v. *Frazier*, 277 Ark. 452, 642 S.W.2d 314 (1982); *J. Paul Smith Co.* v. *Tipton*, 237 Ark. 486, 374 S.W.2d 176 (1964). Aside from the fact that the appellant did not preserve any alleged error by proper objection, there was substantial evidence from which a jury could find that the appellant's injuries resulted from or were contributed to by his own negligence.

Affirmed.