ADAMS *v.* SHELL.

Opinion delivered December 22, 1930.

*Oscar H. Winn,* for appellant.

*Haynie, Parks & Westfall,* for appellee.

HART, C. J.   This is an appeal from an order of the circuit court of Ouachita County sustaining a demurrer of the administratrix of the estate of Roy S. Shell, deceased, to a petition of Martha Adams, guardian of Willie May Shell and Marcell Shell, minor children and heirs-at-law of Roy S. Shell, deceased, to require said administratrix to distribute to them $4,666.66, out of a judgment recovered by her for their benefit in the sum of $7,000.

On the 15th day of April, 1929, Martha Adams, as guardian of Willie May Shell and Marcell Shell, minor children and heirs-at-law of Roy S. Shell, deceased, filed a petition in the probate court of Ouachita County to compel Mrs. Eritha E. Shell, as administratrix of the estate of Roy S. Shell, deceased, to distribute to them $4,666.66 out of a judgment recovered by her for $7,000. On the 7th day of September, 1928, Mrs. Eritha E. Shell was appointed by the probate court of Ouachita County as administratrix of the estate of Roy S. Shell, who died in Camden, Arkansas, on or about the 21st day of August, 1928.   On December 18, 1928, Mrs. Eritha E. Shell, administratrix of the estate of Roy S. Shell, deceased, recovered in the Pulaski Circuit Court against the International Paper Company a judgment for $7,000, on account of the wrongful death of said Roy S. Shell.   The judgment recites that Roy S. Shell received a personal injury on the 29th day of August, 1928, while in the employ of the defendant, and that he died on the 31st day of August, 1928.   By agreement between the parties to the suit, the court assessed damages to the administratrix in the sum of $7,000 for the wrongful death of her decedent. It was adjudged by the court that Eritha E. Shell, as

administratrix of the estate of Roy S. Shell, deceased, for the use and benefit of said estate and for the use and benefit of Eritha E. Shell and Willie May Shell and Marcell Shell, have and recover from the International Paper Company the sum of $7,000; and, it appearing that said sum has been paid in satisfaction of the judgment, the judgment is ordered and decreed by the court to be satisfied in full.

In her petition in the Ouachita Probate Court, appellant herein stated that Martha Adams, as guardian of said minors, is entitled to be paid out of said judgment the net sum of $4,666.66, to be divided equally between said minors. From an adverse judgment against her in the probate court, an appeal was taken by the guardian of said minors to the circuit court where a demurrer was sustained to the petition of said guardian for said order of distribution; and the cause was dismissed for want of jurisdiction.

Under § 1075 of the Digest, the personal representative of a deceased person may bring an action for the wrongful death of said decedent, and the amount recovered shall be for the exclusive benefit of the widow and next of kin of such deceased person and shall be distributed to such widow and next of kin in the proportion provided by law in relation to the distribution of personal property left by persons dying intestate. Thus, it will be seen that it is the duty of the administrator to bring the suit as provided by the statute, and, in the event of a recovery, to distribute the amount recovered according to the provisions of the statute which covers the distribution of personal property. The damages are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered is not that of the representative of the deceased, but of a trustee for the benefit of the widow and next of kin; and the suit is wholly for their benefit. The administrator is a formal party to the maintenance of the action, and becomes a mere trustee for those entitled under the stat-

ute to the amount recovered. *Little Rock & Ft. Smith Ry.* v. *Townsend,* 41 Ark. 382; *Davis* v. *Railway,* 53 Ark. 117, 13 S. W. 801; and *Johnson* v. *Mo. Pac. Rd. Co.,* 144 Ark. 469, 224 S. W. 427.

Under the principles of law decided in these cases and in *Dennick* v. *Railroad Company,* 103 U. S. 11, cited in the Townsend case, when the money was recovered by the administrator for the widow and next of kin and came into the hands of the administrator, the circuit court in which the fund was recovered could compel distribution as the law directs. The reason is that the court had control over its own judgment; and, the fund recovered for the benefit of the widow and next of kin not becoming assets of the estate, there would be no interference with the original, exclusive jurisdiction in matters relative to the estates of deceased persons conferred upon the probate court by § 31, art. 7, of our Constitution.

The record shows that there was also a recovery by the administratrix for the benefit of the estate, and the amount of such recovery went to the legal representative of the estate as part of its assets. *Davis* v. *Railway,* 53 Ark. 117, 13 S. W. 801, and *Carpenter* v. *Hazel,* 128 Ark. 416, 194 S. W. 225. This court has held in an unbroken line of cases that where a sum is recovered for the benefit of the estate, and there is still the necessity for continued proceedings in the courts of administration, the judgment should be certified to the probate court to be administered by it in due course. It is only where there is no necessity for a further course of administration, and assets are collected in, and nothing remains to be done except to distribute them, that the judgment should not be certified to the probate court for administration in due course. *Reinhardt* v. *Gartrell,* 33 Ark. 727; and *Union Trust Co.* v. *Rossi,* 180 Ark. 552, 22 S. W. (2d) 370.

The record in this case does not contain any affirmative showing that the amount recovered is not necessary to be used by the administratrix in due course of administration for the payment of the debts of the estate. The

record is silent as to whether or not any debts have been probated against the estate, but it does appear from the record that the period of time for the probation of claims against the estate has not yet expired. The administratrix was appointed by the probate court of Ouachita County on the 7th day of September, 1928. The judgment in the circuit court was recovered by the administratrix on December 18, 1928. The petition of the guardian was filed in the Ouachita Probate Court on the 15th day of April, 1929. Thus, it will be seen that the period of one year has not expired since the appointment of the administratrix; and, under § 97 of the Digest, claims may be filed at any time before the end of one year from the granting of letters of administration.

This is not a case like *Union & Mercantile Trust Co.* v. *Hudson,* 147 Ark. 7, 227 S. W. 1, and *Gordon* v. *Clark,* 149 Ark. 173, 232 S. W. 19, where the title to the property of the decedent was involved, and the court held that the probate court had no jurisdiction of such contested claims. Here, the amount recovered by the administratrix for the benefit of the estate, under our former decisions cited above, went to the administratrix to be administered by her in the probate court in due course of administration.

The only trouble about the case is that the judgment in the circuit court should have definitely stated the amount that was recovered for the benefit of the widow and next of kin and that which was recovered for the benefit of the estate. The fact that a mistake was made in this respect would not give the probate court jurisdiction over the part of the judgment which was recovered by the administratrix for the benefit of the widow and next of kin and held by her as a trust fund for them. They could not be deprived of their rights in that fund because the administratrix had neglected or failed to obtain judgment for a stipulated amount for their benefit. They might apply to the circuit court in which the judgment was recovered for a distribution of their part of the judgment to them as pointed out above; and if the ad-

ministratrix had converted the money to her own use, they might sue her directly for it and recover judgment as for a trust fund. On the other hand, in the absence of a showing that the part of the judgment recovered by the administratrix for the benefit of the estate was not needed for the payment of debts, the probate court had jurisdiction to require the administratrix to account to it for the amount so recovered and could take proof and ascertain the amount so recovered, and the burden of proof would be upon the administratrix in this respect.

The result of our views is that the circuit court erred in sustaining a demurrer to the petition of the guardian; and for that error the judgment will be reversed and the cause remanded for further proceedings according to law and not inconsistent with this opinion.