Missouri Pacific Railroad Company, Thompson, Trustee, v. Keeton, Administratrix.

4-7432                                        191 S. W. 2d 954

Opinion delivered January 21, 1946.

*Thos. B. Pryor, Thos. Harper* and *Harrell Harper,* for appellant.

*Partain, Agee & Partain,* for appellee.

McHaney, J.  On the original appeal of this case to this court, we reversed the judgment and dismissed the

action, for the reason that the evidence, in our opinion, was insufficient to support the verdict and judgment. See same styled case, 207 Ark. 793, 183 S. W. 2d 505, opinion delivered October 23, 1944.

On certiorari to the Supreme Court of the United States, our judgment was reversed in a per curiam opinion on November 5, 1945, in this language: "On examination of all the evidence considered in this case by the Supreme Court of the State of Arkansas, we are of the opinion that the question of respondent's negligence should have been submitted to the jury. The judgment will be reversed and the cause remanded for further proceedings not inconsistent with this opinion."

What that court meant by the above opinion was that the evidence "considered" by this court was sufficient to sustain the verdict of the jury and it should have been permitted to stand, because the "question of respondent's negligence" was submitted to the jury in the trial in the circuit court.

In our original opinion we called attention to the fact that appellee, as administratrix of her husband's estate, was permitted to testify, over appellant's objections and exceptions, to a statement made to her by her husband shortly before his death, as a dying declaration. The statement is there quoted. We did not there consider the competency or admissibility of this dying declaration, for we there said: "Nor do we think the dying declaration sufficient to make out a case of negligence for the jury, conceding without so holding that it was competent and does not offend against the statute, § 5154 of Pope's Digest." Counsel for appellant in their brief in the original hearing strongly urged that said dying declaration so testified to by appellee, the administratrix, was incompetent under said § 5154 which provides that, "in actions by or against administrators, in which judgment may be rendered for or against them, neither party shall be allowed to testify against the other as to any statements of the intestate, unless called to testify thereto by the opposite party." This is § 2 of the Schedule to the Con-

stitution and provides that it may be amended or repealed by the General Assembly.

We do not think § 5201, the dying declaration statute, repeals or amends in any way § 5154. There is no express repeal and repeals by implication are not favored. We think both statutes may be permitted to stand and both serve very useful purposes.

We have sustained § 5201. In *Mo. Pac. R. R. Co.* v. *Haigler, Admrx.*, 203 Ark. 804, 158 S. W. 2d 703, we held the declaration of Haigler admissible, as such, but there the testimony was given by some one other than the administratrix.

We have concluded that the testimony of the appellee as to the dying declaration was competent in so far as her action to recover for loss of contributions was concerned, but incompetent under § 5154, in so far as her action to recover for conscious pain and suffering for the benefit of the estate is concerned. Her official capacity as administratrix was a mere means of bringing the action for contributions. All of such recovery, if any, was for her individual benefit and the estate of the decedent had no interest in such recovery. As said in *Adams* v. *Shell*, 182 Ark. 959, 33 S. W. 2d 1107, "The damages (for the benefit of the widow and next of kin) are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. The relation of the administrator to the fund when recovered is not that of the representative of the deceased, but of a trustee for the benefit of the widow and next of kin; and the suit is wholly for their benefit. The administrator is a formal party to the maintenance of the action, and becomes a mere trustee for those entitled under the statute to the amount recovered."

But not so, as to her action to recover for the benefit of the estate of her deceased husband. She was acting there as the personal representative of the deceased and only the personal representative may bring the action for damages for pain and suffering. *Webb* v. *Waters*, 154 Ark. 547, 243 S. W. 846. In such a case her testimony as to

statements made to her by her deceased husband runs counter to the express provisions of said § 5154. It was error, therefore, to permit her to give in evidence the dying declaration of her husband on the action for pain and suffering. Without it there is no substantial evidence to support the verdict for $10,000. If appellee will, within 15 judicial days enter a remittitur for this amount, the judgment for $20,000 will be affirmed, otherwise the judgment will be reversed and the cause remanded for a new trial. Other errors of the trial court urged in the original brief and on this hearing have been considered and found to be without substantial merit.