5-2368                                    349 S. W. 2d 339

Opinion delivered September 18, 1961.

[Rehearing denied October 16, 1961.]

*Kaneaster Hodges,* for appellant.

*Pickens, Pickens & Boyce,* for appellee.

NEILL BOHLINGER, Associate Justice.   Charles Allison Dukes, Jr. was killed in an automobile accident on December 28, 1954 and died intestate leaving as his sole heir a son, Charles Edward Dukes, who appears by his paternal grandmother, Ida Ethel Dukes, guardian, as appellant herein, and a wife, Victoria Dukes, who appears as the administratrix and appellee.   The administratrix, as such, filed a suit in the Jackson Circuit Court against the party who is alleged to have caused the wrongful death of her husband.

After the filing of the suit, a settlement was effected whereby the administratrix was paid the sum of $4,250.00, which settlement was approved by the circuit court and the Jackson Probate Court.   After the payment of her attorney's fee, the administratrix had in her hands the sum of $3,187.50 as the recovery for the wrongful death of her husband.

The circuit court, which approved the settlement, made no finding as to a recovery for pain or mental anguish and the record reflects that Charles Allison Dukes, Jr. died at the time of the accident without regaining consciousness. The administratrix received the net amount of this settlement and treated the same as a general asset in her hands as administratrix and thereafter approved, and under the order of the Jackson Probate Court paid debts in the amount of $2,925.31 from the settlement of the death claim.

The appellant filed her exceptions to this action by the administratrix, which exceptions were overruled and the appellant has prosecuted an appeal from that adverse ruling and the cause is presented here on the following statement of points:

"The court erred in holding that the amount recovered in the death claim should be applied to the payment of the debts of the estate, that the exceptor had notice through counsel of steps taken by the administratrix, and that the exceptor was not entitled to recover two-thirds of the amounts received by the administratrix in the settlement of the death claim by Jackson Circuit Court Case No. 1755."

In appellant's statement of points the claim is made that the court erred in holding that the exceptor had notice through counsel of steps taken by the administratrix. The probate court did find that the "exceptor had notice through counsel of steps taken by the administratrix" and it appears from the record that the matter of the settlement of the death claim was discussed informally between counsel. We do not think the matter of notice was important. In *Reed, et al* v. *Blevins, et al*, 222 Ark. 202, 258 S. W. 2d 564, this court said:

"Under the foregoing Statute [Act 53 of 1883 which is similar to the one in question here] we have always held that when a personal representative was appointed, such personal representative was the only person who could maintain a suit for damages for wrongful death * * *"

and in *Southwestern Gas & Electric Company* v. *Godfrey,* 178 Ark. 103, 10 S. W. 2d 894, it was said that joining of party plaintiffs other than the personal representatives was error, though not prejudicial.

The question then is narrowed down as to whether or not the court erred in holding that the amount recovered in the death claim should be applied to the payment of debts of the estate and that the guardian, appellant, was not entitled to recover two-thirds of the amount received by the administratrix in the settlement of the wrongful death action in the circuit court.

It is conceded by both parties that the applicable statute is Act 115 of Acts 1949. This Act is a verbatim reenactment of the pertinent parts of Act 53 of 1883 with the addition of the language:

''However, when mental anguish is claimed as a measure of damages under this statute, such mental anguish will be applicable only to the wife, parent, child, brother, sister or persons standing in loco parentis to the deceased at the time of the injury which caused the death of the deceased.''

Since it appears that mental anguish is not an issue in this recovery, we take the line of decisions under Act 53 of 1883 as controlling here.

There can be no doubt that the Act creates a trust fund and that the son of the deceased and his widow are the beneficiaries of that fund and that it is, as the statute states, for their exclusive benefit. While it is true, as the appellee states in an excellent brief, that the case of *Davis* v. *St. Louis, I M & S R Co.,* 53 Ark. 117, 13 S. W. 801, was decided long before the passage of Act 115 of 1949, the decision in the *Davis* case was interpreting the statute of 1883 which, for the purposes of this case, is identical with the 1949 Act and the cases of *Law* v. *Wynn,* 190 Ark. 1010, 83 S. W. 2d 61, and *Moseley* v. *Beard,* 203 Ark. 731, 158 S. W. 2d 917, follow the line of the *Davis* case *supra.* And as Justice HART said in the case of *Adams* v. *Shell,* 182 Ark. 959, at p. 961, 33 S. W. 2d 1107:

"The damages are recovered in the name of the personal representative of the deceased, but do not become assets of the estate. * * * The administrator is a formal party to the maintenance of the action, and becomes a mere trustee for those entitled under the statute to the amount recovered."

It therefore becomes evident that the administratrix has but one relationship to the recovery for a wrongful death and that is as a trustee of conduit and beyond that status, in these circumstances, she may not go.

It therefore follows that the probate court was in error in holding that the recovery was a general asset in the hands of the administratrix and this cause is therefore reversed. It appears from the record that there were other assets in the hands of the administratrix and that the sum of $1,475.96 had been deposited in the registry of the probate court for the use of the minor, Charles Edward Dukes.

The probate court is directed to have the administratrix restate her account in conformity with this opinion. It is so ordered.