Donna DOUGLAS, *et al. v.* Steve HOLBERT

98–424                                   983 S.W.2d 392

Supreme Court of Arkansas
Opinion delivered December 3, 1998

*Crockett & Brown, PLLC,* by: *C. Richard Crockett* and *R. J. Brown,* for appellants.

*Hodges & Hodges,* by: *David Hodges*; and *Gene O'Daniel,* for appellee.

ANNABELLE CLINTON IMBER, Justice. This is a probate case. The appellants contend that the trial court erred when it refused to set aside an order distributing the proceeds of a wrongful-death action brought on behalf of Lori Lantrip Holbert's statutory beneficiaries. We agree.

In February of 1993, Lorie Lantrip Holbert died intestate as the result of injuries she sustained during a car accident in Garland County. Ms. Holbert was survived by her husband, Steve Hol-

bert, her mother Donna Douglas, her father, Sam Lantrip, and her two sisters, Alicia and Janette Lantrip. Mr. Holbert subsequently filed a petition for appointment as special administrator of his wife's estate for the purpose of bringing a wrongful-death action against those responsible for her death, and for the purpose of bringing a breach-of-contract action against her life-insurance carrier. After finding that no additional notice was required pursuant to Ark. Code Ann. § 28-48-103(b), the probate court made the following appointment:

> The Court finds, for good cause shown, pursuant to the provisions of Ark. Code Ann. § 28-48-103, that a Special Administrator [Steve Holbert] should be appointed for the purpose of prosecuting a wrongful death claim and collect[ing] any insurance proceeds due the Estate and the duties of the Administrator shall relate specifically to those duties that are reasonably related to the bringing of a wrongful death suit and to collect insurance proceeds due the Estate and upon termination of the duties set forth hereinabove and approval of the Court, the duties of the Special Administrator shall thereupon cease.

Pursuant to this appointment, Mr. Holbert filed a breach-of-contract action on behalf of Ms. Lantrip's estate and a wrongful-death action on behalf of Ms. Lantrip's statutory beneficiaries. In particular, Holbert included a prayer in the wrongful-death action for damages "sustained by Steve Holbert, the husband of the decedent, and all of the other statutory beneficiaries," which included Donna Douglas, Sam Lantrip, Alicia Lantrip and Janette Lantrip (hereinafter "appellants").

Approximately one year after filing the wrongful-death action, Mr. Holbert's attorney sent the appellants a letter announcing that Mr. Holbert had been appointed Special Administrator of Lorie Lantrip Holbert's estate, and that he had filed a wrongful-death action against those responsible for Lorie's death. Specifically, the letter said:

> Please be advised that . . . Steve Holbert, Special Administrator of the Estate of Lori Lantrip Holbert, . . . [has filed] a wrongful death suit . . . . As a statutory beneficiary you have the right to participate in that litigation if you desire. Because of your relationship to Lorie Holbert you have the right to participate in the

wrongful death action as a beneficiary under the wrongful death statute. This is a choice you have to make. If you want to participate please contact me.

\* \* \* \*

If I do not hear from you within 15 days I will assume that you do not want to participate in this litigation.

The appellants did not respond to the letter. During the course of the wrongful-death action, Mr. Holbert did not ask the appellants to participate in any manner, nor did he keep them apprised of the progress of the lawsuit.

In March of 1995, Mr. Holbert settled the life-insurance claim for $51,650.63 with the life insurance carrier retaining certain subrogation rights to any future recovery from the defendants in the wrongful-death action. Likewise, in January of 1997, Mr. Holbert settled the wrongful-death action for $175,000. The probate court subsequently approved both settlements without prior notice to the appellants.

In May of 1997, Mr. Holbert sent Donna Douglas and Sam Lantrip a letter announcing that the probate court would hold a final hearing on Ms. Holbert's estate. Specifically, the letter said:

> This hearing will be the completion of all matters pertaining to the probate case involving Lorie Holbert, deceased, and will include, but not be limited to, the presentation of the first and final accounting by Steve Holbert as to all monies that have come through this probate proceeding, a request to distribute the funds to any and all individuals that may be entitled to recover funds that have been recovered through litigation on behalf of the probate proceeding herein, and any and all other matters that may be necessary in order to have a full and complete final adjudication on this matter.

> You are advised to attend and participate to the extent you deem necessary and advisable.

> Steve Holbert will present a petition asking for the distribution of the funds that have accumulated in this probate proceeding as a result of litigation instituted by Steve Holbert, Special Administrator, and anybody that may have an interest in the distribution

of the funds should attend and participate to the extent they deem necessary and advisable.

The letter, however, did not specifically mention that "the funds that have accumulated in this probate proceeding as a result of the litigation instituted by Steve Holbert" included a $175,000 settlement of the wrongful-death action. Furthermore, Mr. Holbert failed to send this letter to Alicia and Janette Lantrip, the other two statutory beneficiaries of the wrongful-death action.

The probate court held the final hearing on June 3, 1997. Donna Douglas attended the hearing, and Janette Lantrip appeared on behalf of her father, Sam Lantrip. Neither was represented by counsel. During the hearing, Mr. Holbert orally announced, for the first time, that he should obtain the full amount of the wrongful-death settlement because he was the only statutory beneficiary who participated in the lawsuit. Ms. Douglas resisted Mr. Holbert's request, and asked for a continuance to obtain legal advice. The court refused to grant a continuance.

After the hearing, the court entered an order closing Ms. Holbert's estate. In particular, the court found that it had subject-matter jurisdiction, and that all necessary notices had been given and received. The court then found that pursuant to the wrongful-death statute, Mr. Holbert, as an individual, was entitled to all of the proceeds from the wrongful-death settlement. The remaining assets of the estate, which consisted mostly of the life-insurance settlement, were distributed to Steven Holbert, Donna Douglas, and Sam Lantrip pursuant to rules of intestate succession, Ark. Code Ann. § 28-9-214 (1987).

Soon thereafter, the appellants filed a motion to set aside the final order for numerous reasons. The probate court denied the motion. With particular relevance to this appeal, the probate court ruled that the appellants "were given ample opportunity to participate in the wrongful-death action, but declined to do so. Therefore, the Court previously awarded those proceeds to the decedent's husband, Steve Holbert." This appeal followed.

## I. Subject-Matter Jurisdiction

The appellants question the probate court's jurisdiction to approve the settlement of the wrongful-death action and to apportion the proceeds among the statutory beneficiaries. Although the appellants make this their second argument on appeal, we will address it first because if the lower court did not have subject-matter jurisdiction, we do not have jurisdiction to consider the remaining issues raised on appeal. *See Lawhon v. State*, 328 Ark. 335, 942 S.W.2d 864 (1997); *Vanderpool v. Fidelity & Cas. Ins., Co.*, 327 Ark. 407, 939 S.W.2d 280 (1997). In particular, we said in *Jolly v. Estate of Jolly*, 333 Ark. 394, 970 S.W.2d 221 (1998), that if "the probate court lacked jurisdiction of the matter at hand, so does this court."

In Arkansas, the probate court is a court of special and limited jurisdiction having only such jurisdiction and powers as are conferred by the constitution or by statute, or necessarily incidental to the exercise of the jurisdiction and powers specifically granted. *Arkansas Dept. of Human Serv. v. Estate of Hogan*, 314 Ark. 19, 858 S.W.2d 105 (1993); *Carpenter v. Logan*, 281 Ark. 184, 662 S.W.2d 808 (1984). In the most general sense, Article VII, Section 34, of the Arkansas Constitution provides that the probate court has original jurisdiction over "matters relative to . . . the estates of deceased persons . . . as is now vested in the courts of probate, or may be hereafter prescribed by law."

More specific to the facts at hand, sections 28-48-103(a) and (c) (1987) of the probate code provide that a probate court may, upon the showing of "good cause," appoint a special administrator "for a specific time, to perform duties respecting specific property or to perform particular acts, as stated in the order of appointment." This same statutory provision further provides that the "the law and procedure relating to personal representatives shall apply to special administrators." Ark. Code Ann. § 28-48-103(e). Thus, there is no question that in this case the probate court had jurisdiction to appoint Mr. Holbert the special administrator of Lorie Lantrip Holbert's estate in order to "perform" the "particular acts" of litigating the wrongful-death and life-insurance actions.

■ Finally, the wrongful-death statute provides that:

(g) The *judge of the court in which the claim or cause of action for wrongful death* is tried or *is submitted for approval of a compromise settlement,* by judgment or order and upon the evidence presented during trial or in connection with any submission for approval of a compromise settlement, *shall fix the share of each beneficiary,* and distribution shall be made accordingly. However, in any action for wrongful death submitted to a jury, the jury shall make the apportionment at the request of any beneficiary or party.

(h) Nothing in this section shall limit or affect the *right of probate courts having jurisdiction to approve or authorize settlement of claims or causes of action for wrongful death,* but the probate courts shall consider the best interests of all the beneficiaries under this section and not merely the best interest of the widow and next of kin as now provided by § 28-49-104.

Ark. Code Ann. § 16-62-102 (Supp. 1997) (emphasis added). Reading these two subsections together, it is clear that the probate court had the authority to *approve* the wrongful-death settlement under subsection (h), and that as the court approving the settlement it also had jurisdiction under subsection (g) to *apportion and distribute* the proceeds. Thus, we also hold that the probate court clearly had subject-matter jurisdiction to approve the settlement of the wrongful-death claim, and to apportion and distribute the proceeds among the statutory beneficiaries.

## II. Distribution of the Wrongful-Death Proceeds

Although the probate court had jurisdiction to apportion the wrongful-death proceeds, we agree with the appellants that the probate court did so incorrectly when it gave the full amount to Mr. Holbert because the other statutory beneficiaries failed to participate in the wrongful-death action.

■ The provisions of the wrongful-death statute that are relevant to this issue are as follows:

(b) Every [wrongful-death] action *shall be brought by and in the name of the personal representative of the deceased person.* If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person.

\* \* \* \*

(d) The beneficiaries of the action created in this section are the *surviving spouse*, children, *father and mother*, brothers and *sisters* of the deceased person, persons standing in loco parentis to the deceased person, and persons to whom the deceased stood in loco parentis.

(e) *No part of any recovery referred to in this section shall* be subject to the debts of the deceased *or become*, in any way, a *part of the assets of the estate of the deceased person.*

(f)(1) The jury, or the court in cases tried without a jury, may fix such damages as will be fair and just compensation for pecuniary injuries, including a spouse's loss of services and companionship of a deceased spouse *and any mental anguish resulting from the death to the surviving spouse and beneficiaries* of the deceased person.

\* \* \* \*

(h) Nothing in this section shall limit or affect the right of probate courts having jurisdiction to approve or authorize settlement of claims or causes of action for wrongful death, but *the probate courts shall consider the best interests of all the beneficiaries under this section and not merely the best interest of the widow and next of kin as now provided by § 28-49-104.*

(Emphasis added.) The plain language of subsection (b) makes it clear that a personal representative of the estate may file a wrongful-death action on behalf of the statutory beneficiaries. On this subject, we have said that the personal representative is clearly the party to bring the wrongful-death action, and that the other statutory beneficiaries have no standing to bring the lawsuit[1] or to even choose counsel to pursue the claim. *See Brewer v. Lacefield*, 301 Ark. 358, 784 S.W.2d 156 (1990), *Cude v. Cude*, 286 Ark. 383, 691 S.W.2d 866 (1985), *Dukes v. Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961). Relying upon these three cases, the Court of Appeals held in *McGuire v. Smith*, 58 Ark. App. 68, 946 S.W.2d 717 (1997), that statutory beneficiaries are not entitled to notice of

---

[1] Of course, subsection (b) of the statute provides the heirs at law may file the wrongful-death action if there is no personal representative.

a petition for approval of a wrongful-death settlement. We find the reasoning in *McGuire* to be sound.

Once a settlement is obtained, subsection (e) declares that the settlement proceeds do not become assets of the decedent's estate to be distributed pursuant to a will or the laws of intestate succession. *See Missouri Pac. R.R. v. Keeton*, 209 Ark. 605, 191 S.W.2d 954 (1946). Instead, the proceeds of a wrongful-death action are for the sole benefit of the statutory beneficiaries and may not be used to pay off debts of the estate. *Brewer, supra; Dukes v. Dukes*, 233 Ark. 850, 349 S.W.2d 339 (1961). In this respect, we have said that the administrator is a "trustee of conduit," *Brewer, supra; Dukes, supra*, who holds the proceeds of the wrongful-death action in trust "for the benefit of the widow and next of kin." *See Keeton, supra; Adams v. Shell*, 182 Ark. 959, 33 S.W.2d 1107 (1930). Subsection (g) specifically provides that the proceeds of a settlement must be distributed by the court approving the settlement among all the statutory beneficiaries, which includes, under subsection (d), the decedent's spouse, parents, and sisters. Finally, in *Bell v. Estate of Bell*, 318 Ark 483, 885 S.W.2d 877 (1994), we said that:

> Subsections (g) and (h) of the general wrongful death statute, section 16-62-102, provide that the court approving a compromise settlement shall fix the share of each beneficiary, upon the evidence, and that the probate court shall consider the best interests of all the beneficiaries. *Dale v. Sutton*, 273 Ark. 396, 620 S.W.2d 293 (1981). Subsection (f) of the statute directs that, if the case is tried, the sum fixed for damages shall be that which is "fair and just compensation for the pecuniary injuries, including a spouse's loss of the services and companionship of a deceased spouse and mental anguish resulting from the death, to the surviving spouse and next of kin of the deceased person."
>
> The factors set forth in subsection (f) also guide the probate court's determination of the apportionment of the settlement proceeds in those cases where the damages issue is not tried. *See Estate of Campbell*, 294 Ark. 619, 745 S.W.2d 596 (1988). We have stated that, although probate cases are reviewed de novo on appeal, distribution of wrongful death proceeds does invoke the

trial court's discretion in some measure. *Id.* The appellant has the burden to show the trial court was wrong and that prejudicial error was sustained. *Sutton,* 273 Ark. 396, 620 S.W.2d 293.

Pursuant to these statutory provisions and our case law, we conclude that as special administrator of Lorie Lantrip Holbert's estate, Mr. Holbert had the sole authority to pursue the wrongful-death action on behalf of all the statutory beneficiaries. Contrary to the assertions in Mr. Holbert's letter and in the probate court's ruling, the appellants as statutory beneficiaries were not required to participate in the wrongful-death action in order to protect their interest in the proceeds. Once obtained, the proceeds of the settlement did not become assets of the estate or the personal property of Mr. Holbert. Instead, as special administrator, Mr. Holbert obtained and held the wrongful-death proceeds on behalf of all the statutory beneficiaries until the money could be apportioned by the probate court pursuant to terms of the wrongful-death statute, Ark. Code Ann. § 16-62-102.

For these reasons, we hold that the appellants, as statutory beneficiaries, had a right to claim a portion of the proceeds of the wrongful-death settlement as compensation for their mental anguish, and that the probate court abused its discretion when it ruled that the statutory beneficiaries relinquished that statutory right when they failed to participate in the wrongful-death action. Accordingly, the probate court's order granting the full amount of the wrongful-death settlement to Mr. Holbert is reversed, and the case remanded for an apportionment hearing in which all the statutory beneficiaries may participate and present evidence of their respective rights to the proceeds of the wrongful-death settlement. In light of this holding, we need not address the various other arguments for reversal asserted by the appellants.

Reversed and remanded.