MID-SOUTH ADJUSTMENT COMPANY, INC. *v.*
The ESTATE OF Shanna Nicole HARRIS, Deceased

CA 03-1085                                           189 S.W.3d 518

Court of Appeals of Arkansas
Divisions I, II and III
Opinion delivered June 30, 2004

*Brockman, Norton & Taylor*, by: *C. Mac Norton*, for appellant.

*Law Offices of Gary Green*, by: *Todd L. Griffin*, for appellee.

ROBERT J. GLADWIN, Judge. Appellant Mid-South Adjustment Company appeals from an order of the Ouachita County Circuit Court that disallowed appellant's claim against the proceeds of a wrongful-death settlement. We affirm.

Shanna Harris died as a result of injuries suffered in an automobile accident. Her mother, Francis McCoy, was appointed administratrix of the estate on April 14, 2000. Appellant timely filed a claim against the estate for $7,425 on behalf of two medical providers who had provided medical services to Shanna Harris just prior to her death.

The administratrix filed a wrongful-death and survivor action against the drivers of the two vehicles involved in the collision. The liability carriers for the two defendants offered the policy limits of $50,000 to settle the action. This offer was presented to and approved by the trial judge.

On April 2, 2002, without notice to appellant, the trial court entered an order for distribution of the settlement proceeds. On August 7, 2002, appellant filed a petition to re-open the estate,

contending it had not received notice regarding the wrongful-death-settlement hearing and that it should have been allowed an opportunity to participate in the distribution of the proceeds to recover for the medical services.

Appellant argues on appeal that the trial court erred in refusing to re-open the estate. In fact, the court did re-open the estate, but held that it would not set aside or reconsider the distribution previously ordered, reasoning that, under the provisions of Ark. Code Ann. § 16-62-102 (Supp. 2001), appellant had no standing to participate in the settlement proceeds.

Arkansas Code Annotated section 16-62-102(a)(1) addresses wrongful-death actions and provides, in pertinent part, that whenever the death of a person is caused by a wrongful act, neglect, or default such as would have entitled the party injured to maintain an action and recover damages in respect thereof if death had not ensued, then the person that would have been liable had death not ensued shall be liable to an action for damages, notwithstanding the death of the person. The beneficiaries of the wrongful-death action are: (1) the surviving spouse, children, father, mother, brothers, and sisters of the deceased person; (2) persons, regardless of age, standing *in loco parentis* to the deceased person; (3) persons, regardless of age, to whom the deceased stood *in loco parentis* at any time during the life of the deceased. Ark. Code Ann. § 16-62-102(d). Of particular relevance to this case is Ark. Code Ann. § 16-62-102(e), which provides that *no part* of *any recovery* referred to in this section shall be subject to the debts of the deceased person or become, in any way, a part of the assets of the estate of the deceased person. (Emphasis added.)

In support of its argument for reversal, appellant points out that part of the complaint filed in the wrongful-death action sought to recover compensatory damages for medical expenses incurred by the decedent prior to her death. Appellant contends that these amounts were sought pursuant to Ark. Code Ann. § 16-62-101(Supp. 2001), which provides that a decedent's estate may recover for the decedent's loss of life as an independent element of damages, and that these amounts were therefore part of the estate and subject to creditors' claims rather than being exempt as proceeds of a wrongful-death action.

In *Douglas v. Holbert*, 335 Ark. 305, 983 S.W.2d 392 (1998), our supreme court stated that the personal representative is clearly the party to bring a wrongful-death action on behalf of the

statutory beneficiaries, and that the other statutory beneficiaries have no standing to bring the lawsuit. The court also noted that once a settlement is obtained, the proceeds do not become assets of the decedent's estate, but that the proceeds of a wrongful-death action are for the sole benefit of the statutory beneficiaries and may not be used to pay off debts of the estate. 335 Ark. at 314, 983 S.W.2d at 396.

In its letter opinion filemarked May 12, 2003, the trial court commented, "It is noteworthy that it is uncontroverted that this is in fact a wrongful-death settlement with which we are dealing." In three other instances within this opinion, the court refers to the proceeds of the wrongful-death action or settlement. We are of the opinion that these references constitute a finding of fact that the entire amount of the proceeds was, in fact, attributable to the wrongful-death action. As such, this amount did not become a part of the estate and was exempt from the claims of the decedent's creditors.

Probate cases are reviewed *de novo* on appeal, and we do not reverse the findings of the probate judge unless those findings are clearly erroneous. *Arkansas Dep't of Human Servs. v. Keeling*, 73 Ark. App. 443, 43 S.W.3d 772 (2001). A probate court's finding of fact is clearly erroneous when, although there is evidence to support it, we are left with the definite and firm conviction that a mistake has been committed. *Id.*

In the case now before us, a wrongful-death action was filed on behalf of the statutory beneficiaries. A settlement of $50,000 was negotiated, without reference as to how it was to be apportioned among possibly competing measures of damages. The trial court noted repeatedly that the proceeds were attributable to the wrongful-death action or settlement, and we cannot say that the court was clearly erroneous in this regard. Arkansas Code Annotated section 16-62-102(e) clearly states that no part of any wrongful-death-action recovery shall be subject to the debts of the deceased. Accordingly, we affirm.

Affirmed.

STROUD, C.J., GRIFFEN, CRABTREE, and ROAF, JJ., agree.

HART, ROBBINS, BIRD, and VAUGHT, JJ., dissent.

JOHN B. ROBBINS, Judge, dissenting. Our court holds today that an administratrix, in the exercise of her fiduciary duties,

may settle a wrongful-death and survival action by allocating all of the recovery to the wrongful-death prong of the action, settling around and to the detriment of the claims of the estate's creditors, and do so without notice to the creditors of record!

I agree with the majority opinion's recitation of facts concerning the decedent's death, appointment of an administratrix, and the wrongful-death and survivor action filed by the administratrix. Although not recited in the majority opinion, it is undisputed that the estate's attorney sent a letter in May 2000 to one of the medical providers at issue, informing it that if it had any outstanding medical bill on behalf of the decedent, it should file an affidavit to claim against the estate in the probate court and send a copy to the law office representing the estate. The majority opinion reflects that a timely claim was filed by appellant on behalf of this medical provider and the local hospital. Thereafter, on August 21, 2001, the administratrix petitioned the trial court to approve a settlement of her action representing that "the Petitioner believes that it is in the best interest of the estate and the statutory beneficiaries for the settlement to be consummated." The administratrix advised the court that the settlement would require that she "execute releases of all claims and dismiss the existing wrongful death lawsuit." The administratrix further sought authorization to distribute the settlement proceeds to the statutory beneficiaries after payment of her attorney's fee, expenses, and after paying any valid debts of the estate.

The trial court granted the petition on October 4, 2001, and authorized the administratrix to execute all releases necessary to effect the settlement. However, the court directed that after payment of the attorney's fee, the net proceeds were to be held pending publication of the statutory probate notices to creditors. First publication of notice occurred on October 10, 2001. Appellant had previously filed its claims on behalf of Pine Bluff Radiologists and Jefferson Regional Medical Center on June 28, 2001. The timeliness and validity of appellant's claims are not now in dispute.

The nature of the action filed by the administratrix is acknowledged in the majority opinion as both a wrongful-death action and a survival action. This characterization is appropriate inasmuch as the administratrix was seeking both mental anguish suffered by the statutory beneficiaries and compensatory damages suffered by the decedent's estate, including funeral expenses, medical expenses, and the decedent's pain and suffering.

Where I differ from the majority is in its affirmance of the trial court's decision to approve a settlement and distribution without notice to appellant creditors that required the administratrix to release *all* claims of the estate, which obviously included the survival-action prong of the pending suit, for $50,000, all of which would be allocated to the wrongful-death prong of the action; and none whatsoever allocated to the survival prong of the action.[1] The consequence of this decision rendered the estate insolvent with no funds available for payment of the claims of the radiologist and hospital that provided emergency medical services in an effort to save the life of the decedent.

The tension between our probate laws and the wrongful death act is brought into focus by the proceedings in this case. It is without dispute that the sums recovered under Ark. Code Ann. § 16-62-102 (Supp. 2003), known as the wrongful-death act, do not become an asset of the decedent's estate and are not subject to the debts of the decedent. The provisions of this statute make the point very clear, as has the supreme court over the years since its enactment. *See, e.g., Douglas v. Holbert,* 335 Ark. 305, 983 S.W.2d 392 (1998); *Brewer v. Lacefield,* 301 Ark. 358, 784 S.W.2d 156 (1990); *Dukes v. Dukes,* 233 Ark. 850, 349 S.W.2d 339 (1961); *Missouri Pac. R.R. v.Keeton,* 209 Ark. 605, 191 S.W.2d 954 (1946). On the other hand, the personal representative of a decedent's estate has a fiduciary duty to pursue claims held by the estate for the benefit of the heirs and creditors of the estate. It is a violation of this duty for the personal representative to seek a settlement that allocated all of the recovery to the statutory beneficiaries (including the personal representative herself) for their mental anguish, and nothing to the estate for payment of medical services rendered in an effort to save the decedent's life.

This is fundamentally wrong. The creditors were not given notice that such a settlement and allocation were being made. Although the probate court may authorize settlements of such actions pursuant to Ark. Code Ann. § 28-49-104, I submit that to do so without at least requiring some form of notice to the known and identified creditors is an abuse of discretion. *See* Ark. Code

---

[1] The majority suggests that the trial court's references in its letter opinion that it is a wrongful-death settlement constitutes a finding of fact that the entire proceeds were attributable solely to the wrongful-death prong of the actions. If this was a finding of fact, it was clearly erroneous inasmuch as the settlement required the administratrix to release ALL claims of the estate in order to recover the settlement proceeds.

Ann. § 28-1-112(a). While correction of this conflict between our probate code and the wrongful-death act could best be made legislatively, we could alleviate some of the appearance of self-dealing and violation of a personal representative's fiduciary duty by requiring the trial court, at a minimum, to have the personal representative, who is seeking approval of a settlement of a dual action such as we have here, give notice to all interested parties, *i.e.*, all parties who will be benefited or prejudiced by such approval, so that they could be heard in the matter. The trial court erred in this case in not requiring this.

In summary, the administratrix erred when she violated her fiduciary duty to the estate by settling the estate's survival action without the estate receiving any benefit; the trial court erred in authorizing the settlement of the wrongful-death action and survival action with all proceeds being allocated to the wrongful-death action and without notice to the insolvent estate's creditors; and our court errs in approving these actions.

I respectfully dissent and am authorized to state that Judges HART, BIRD, and VAUGHT, join in this opinion.