Cite as 2017 Ark. 317

# SUPREME COURT OF ARKANSAS

No. CV-16-1080

| | |
|---|---|
| | **Opinion Delivered:** November 16, 2017 |
| GERALDINE HENSON, AS PERSONAL REPRESENTATIVE OF THE ESTATE OF DAVID HENSON, DECEASED<br><br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-15-1506-1] |
| V. | HONORABLE MACKIE M. PIERCE, JUDGE |
| KELLEY CRADDUCK, IN HIS OFFICIAL CAPACITY; KEITH FERGUSON, INDIVIDUALLY; JEFF ROBINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY; JEREMY GUYLL; OLIN RANKIN; JANNA HULET; MICHELE WILLS; WARREN LAFFERTY; ASSOCIATION OF ARKANSAS COUNTIES; AND JOHN OR JANE DOES 8-25<br><br>APPELLEES | <u>APPEAL DISMISSED WITHOUT PREJUDICE</u>. |

**RHONDA K. WOOD, Associate Justice**

Geraldine Henson appeals the circuit court's order dismissing her case with prejudice based on the statute of limitations. We cannot reach the merits of the appeal for lack of a final, appealable order. We must, therefore, dismiss the appeal.

On October 5, 2015, Henson filed her original complaint that alleged her husband, David Henson, died while a prisoner in the custody of the Benton County jail and under the supervision of the Benton County Sheriff's Office. She subsequently filed four amended complaints. The defendants differ in each complaint, and the amended complaints are

internally inconsistent.[1] The defendants listed in the case caption, the introductory paragraph of the complaints, and those accused of specific acts within the complaints differ. The amended complaints do not state that they are incorporating the earlier complaints.

For example, the original complaint names the following defendants: Benton County Jail, Benton County Sheriff's Office, Kelley Cradduck, John Doe #1, John Doe #2, and John Doe #3. The first amended complaint's case caption lists Cradduck, four named defendants (Jeff Robins, Jeremy Guyll, Olin Rankin, and Janna LNU) and John or Jane Does 1–25. The Benton County Jail and the Benton County Sheriff's Office are not listed, although both had answered the original complaint. The body of the first amended complaint also lists Benton County, Arkansas, as a defendant, but it is not included in the case caption. Henson later filed a second amended complaint. The defendants identified in its caption and body mirrored the first amended complaint.

Next, Henson filed a third amended complaint. The case caption lists Cradduck, Robins, Guyll, Rankin, and Hulet (last name for Janna LNU as identified in the prior complaint) in addition to Keith Ferguson, Michele Wills, and Warren Lafferty. She also named as defendants John or Jane Does 8–25.[2] The body of the complaint, however, does not list Cradduck as a defendant but again includes Benton County, Arkansas. In addition, she "name[d] and substitute[d]" Robins, Guyll, Rankin, Hulet, Ferguson, Wills, and

---

[1] The pleadings and motions spell several of the defendants' names inconsistently. For example, Jeff "Robins" is also spelled Jeff "Robbins;" "Michele" Wills is also spelled "Michelle" Wills; Janna "Hulet" is also spelled Janna "Hulett;" and "Kelley" Cradduck is also spelled "Kelly" Cradduck. For consistency, we use the spelling contained in the first pleading identifying the party.

[2] The John and Jane Does numerical assignments also change in each amended complaint.

Lafferty for "John Doe" defendants 1–7. The caption of Henson's fourth amended complaint mirrors the third amended complaint's list of defendants with the exception of adding the Association of Arkansas Counties (AAC) as a defendant.

Several motions to dismiss were filed, including two motions to dismiss the fourth amended complaint. Defendants argued that the statute of limitations warranted dismissal of Henson's claims, that Henson had failed to state a claim against any defendant, and that they were immune to tort and vicarious liability. Following a hearing, the circuit court entered an order granting the motion to dismiss with prejudice because Henson's complaints were time-barred. The order Henson appeals reads as follows:

IN THE CIRCUIT COURT OF BENTON COUNTY, ARKANSAS
CIVIL DIVISION

GERALDINE HENSON

VS.

BENTON COUNTY JAIL;
BENTON COUNTY SHERIFF'S OFFICE;
KELLY CRADDUCK; JOHN DOE #1;
JOHN DOE #2; and JOHN DOE #3

CASE NO. CV15-1506-5

ORDER

The Plaintiff filed her Fourth Amended Complaint in this action on May 9, 2016. The Defendant filed a motion to dismiss, to which the Plaintiff responded. After a hearing on the motion, and for the reasons set forth in the motion and at the hearing, which the Court finds to be well-founded, the Court finds and holds that Plaintiff's claims are time-barred by the applicable statutes of limitations.

For the foregoing reasons, and for good cause shown, the Court hereby finds and Orders that the Defendant's motion to dismiss should be, and hereby is, GRANTED, and that this case is DISMISSED WITH PREJUDICE.

3

Before addressing the merits of Henson's claim on appeal, we must first analyze whether Henson appeals from a final order. Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. An order is not final if it adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, unless the circuit court enters a Rule 54(b) certification. Ark. R. App. P.–Civ. 2(a); *McKinney v. Bishop*, 369 Ark. 191, 252 S.W.3d 123 (2007). We may raise the issue of whether an order is final and subject to appeal *sua sponte*. *Id*.

In the instant case, the order is not final as to all parties. Even more problematic is the uncertainty as to which defendants were actually dismissed. The order's caption is identical to the caption of the original complaint. It includes three named defendants—Benton County Jail, Benton County Sheriff's Office, and Kelley Cradduck—and three John Does. However, the body of the order references only the fourth amended complaint, which identifies different defendants. Additionally, the court granted "the defendant's motion to dismiss." We do not know which motion to dismiss. The defendants who filed the first motion to dismiss the fourth amended complaint were Cradduck, Robins, Guyll, Rankin, Lafferty, Wills, and Benton County. However, the defendants who filed the second motion to dismiss the fourth amended complaint were Cradduck, Ferguson, Robins, Guyll, Rankin, Lafferty, Wills, Hulet and Benton County.

Therefore, we cannot determine whether the circuit court dismissed the defendants identified in the caption, the defendants identified in the fourth amended complaint, the defendants who filed the first motion to dismiss the fourth amended complaint, or the

4

defendants who filed the second motion to dismiss the fourth amended complaint. We refuse to speculate as to this ambiguous order's meaning.[3] None of the before-listed options include all the defendants, which results in a lack of finality.

The dissent *sua sponte* challenges Henson filing a pro se complaint for wrongful death because the circuit court lacked subject-matter jurisdiction. However, the dissent puts the cart before the horse. We have repeatedly held that we cannot decide whether the circuit court lacked jurisdiction without a final order. *See, e.g.*, *Tucker v. Lake View Sch. Dist. No. 25 of Phillips Cty.*, 323 Ark. 693, 697, 917 S.W.2d 530, 533 (1996) ("Because we dismiss this appeal for lack of a final order, we need not reach the issues of whether the chancellor had jurisdiction to hear the case . . ."); *String v. Kazi*, 312 Ark. 6, 6, 846 S.W.2d 649, 649 (1993) ("We have frequently held that we will not decide the merits of an appeal when the order appealed from is not a final order."); *Schueck Steel, Inc. v. McCarthy Bros. Co.*, 289 Ark. 436, 436–37, 711 S.W.2d 820, 821 (1986) ("We have frequently held that we will not decide the merits on an appeal when the order appealed is not a final one."); *McIlroy Bank & Trust v. Zuber*, 275 Ark. 345, 346, 629 S.W.2d 304, 304 (1982) ("We do not reach the merits of this appeal as the order appealed from is not final and therefore, not appealable."); *see also Hambay v. Williams*, 335 Ark. 352, 356, 980 S.W.2d 263, 265 (1998) (concluding that we could not determine whether the lower court lacked subject-matter jurisdiction,

---

[3] In their brief on appeal, appellees assert that the appellant "abandoned" her claims against Benton County Jail and Benton County Sheriff's Office. However, a plaintiff cannot "abandon" a defendant that has been named and served. *Ford Motor Co. v. Washington*, 2012 Ark. 354 (2012). A defendant remains until the circuit court enters an order dismissing it. *Id.* ("[Arkansas Rule of Appellate Procedure—Civil 3] requires appellants and cross-appellants to abandon pending and unresolved claims, but it does not permit appellants and cross-appellants to dispose of parties in the same fashion.")

and then address the merits, because the order from which appellant appealed was not final). We cannot conclude that the circuit court lacked subject-matter jurisdiction when we lack appellate jurisdiction.

Nevertheless, subject-matter jurisdiction is not at issue in this case. The dissent summarily concludes that Henson filed the complaint on behalf of David's estate as a personal representative. However, the complaint does not appear to bring the action in the name of the estate. Rather, the original complaint's caption reads simply "Geraldine Henson," suggesting she filed the original action on her own behalf as an heir. This may be a potential standing issue, but not one of subject-matter jurisdiction. *See Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004) (affirming circuit court's dismissal of a complaint because daughter lacked standing to bring wrongful death suit in her capacity as an heir). As the lack of standing does not deprive us of subject-matter jurisdiction, we cannot raise it on our own. *Chubb Lloyds Ins. Co. v. Miller County Circuit Court*, 2010 Ark. 119, 361 S.W.3d 809. Standing was not considered by the circuit court, and we cannot address it now. *See Hunter v. Runyan*, 2011 Ark. 43, 382 S.W.3d 643 ("Arguments not raised below, even constitutional ones, are waived on appeal.").

For these reasons, we find that the order from which the appellant appealed is not a final, appealable order because there are still claims pending against some defendants. Accordingly, we dismiss this appeal without prejudice so that the circuit court may enter a final order.

Appeal dismissed without prejudice.

BAKER, GOODSON, and HART, JJ., dissent.

6

**KAREN R. BAKER, JUSTICE, dissenting.** I must dissent from the majority's opinion because I cannot agree with either the majority's analysis or its conclusion to dismiss this appeal without prejudice for lack of a final appealable order. The court need not reach the issue of whether the order is final under Rule 54. Instead, I would affirm the circuit court because a nonlawyer personal representative is not authorized to file a pro se complaint in a wrongful-death action, the circuit court did not have jurisdiction and Ark. Code Ann. § 16-62-102 correctly dismissed this action with prejudice. Although not raised by the parties, "we must raise issues of subject-matter jurisdiction even when such questions are not raised below." *Koonce v. Mitchell*, 341 Ark. 716, 718, 19 S.W.3d 603, 605 (2000) (internal citations omitted). The majority states that the dissent "summarily concludes that Henson filed the complaint on behalf of David's estate as a personal representative, which it claims raises an issue of subject matter jurisdiction. But the complaint does not appear to bring the action in the name of the estate. Rather, the original complaint's caption reads simply 'Geraldine Henson,' suggesting she filed the original action on her own behalf as an heir. This may be a potential standing issue, but not one of subject matter jurisdiction. *See Rhuland v. Fahr*, 356 Ark. 382, 155 S.W.3d 2 (2004) (affirming circuit court's dismissal of complaint because daughter lacked standing to bring wrongful death suit in her capacity as an heir)." However, this position is misplaced. The complaint unequivocally states "Complaint in Wrongful Death" and that Henson is the surviving spouse and "has been appointed as administratrix of the estate." The record demonstrates that Henson was appointed administratrix on August 14, 2014. Further, the wrongful death statute under which Henson is suing specifically requires

7

that "every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." Ark. Code Ann. § 16-62-102; *Brewer v. Poole*, 362 Ark. 1, 207 S.W.3d 458 (2005) (holding that "heirs at law" were those beneficiaries entitled to recovery under the wrongful death statute. Where there is no personal representative to bring a wrongful-death action, all statutory beneficiaries must be joined as plaintiffs to the action.). Here, Henson specifically pleaded that she had been appointed the administratrix of the estate, thus she was required to bring her wrongful death action in the name of the personal representative of the estate. Therefore, based on the record and the complaint, and giving effect to the substance of the pleading rather than the form, Henson sued as the administratrix of the estate. See *Fort Smith Symphony Orchestra, Inc. v. Fort Smith Symphony Association, Inc.*, 285 Ark. 284, 686 S.W.2d 418 (1985), ("Pleadings shall be liberally construed so that effect is given Courts should not be guided blindly by titles but should look to the substance of motions to ascertain what they seek. It would not be in the interest of justice and fair play to be blindly guided by the title of a motion or pleading. We continue to abide by the well-established rule that a pleading will not be judged entirely by what it is labeled but also by what it contains.") Finally, even assuming the majority is correct in its assessment that Henson intended to sue on her own behalf as heir, she could not, because the wrongful death statute requires every action be brought by the personal representative of the estate. Only if there is no personal representative can a wrongful death action be maintained by the heirs at law. In sum, whether Henson intended to sue as an administratrix or a statutory beneficiary, the complaint must be dismissed with prejudice.

In *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85 (2002), we addressed the issue of two nonlawyer administrators of an estate filing a pro se complaint on behalf of an estate in a wrongful-death action. The statute of limitations expired on February 11, 1999. On May 28, 1999, the administrator's attorney filed an entry of appearance, as well as a pleading entitled "Addendum to Complaint." The addendum claimed to change the style of the case to reflect the addition of another defendant and was the first pleading signed by an attorney in the action. Thereafter, the circuit court dismissed the complaint with prejudice after determining that the nonlawyer administrators could not have filed a valid complaint. The administrators appealed and we held that the administrators were not authorized to file the complaint, affirmed the circuit court, and held that the administrators' pro se complaint was the "fruit of the unauthorized practice of law and thus a legal nullity." We explained as follows:

> An administrator acting on behalf of an estate does so in a fiduciary capacity. *Arkansas Bar Ass'n v. Union Nat'l Bank*, 224 Ark. 48, 273 S.W.2d 408 (1954). At issue in that case was whether a bank acting as the personal representative of an estate had engaged in the unauthorized practice of law. This court concluded that "a person who is not a licensed attorney and who is acting as an administrator, executor or guardian cannot practice law in matters relating to his trusteeship on the theory that he is practicing for himself." *Id*. at 51–52, 273 S.W.2d at 410. In reaching this conclusion, the court noted that a trustee or personal representative is not acting for himself and in connection with his own affairs, but to the contrary is acting for others who would ordinarily be the beneficiaries.
>
> This court further discussed the nature of the administrator's role in *Brewer v. Lacefield*, 301 Ark. 358, 784 S.W.2d 156 (1990), and stated that an administrator acts only as a "trustee of conduit." Id. at 362, 784 S.W.2d at 158 (citing *Dukes v. Dukes*, 233 Ark. 850, 853, 349 S.W.2d 339, 341 (1961); Ark. Code Ann. § 16–62–102(f) (1987)). This court further explained that proceeds from a wrongful-death action are for the sole benefit of the statutory beneficiaries and are held in trust by the administrator "for the benefit of the widow and next of kin." *Douglas v. Holbert*, 335 Ark. 305, 314, 983 S.W.2d 392, 396 (1998); *see also Brewer*, 301 Ark. 358, 784 S.W.2d 156. Thus, Appellants as the administrators of Moore's estate were acting on behalf of all the heirs at law when they filed this wrongful-death action.

9

*Davenport*, 348 Ark. at 158–59, 72 S.W.3d at 90–91; *see also Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 952 (8th Cir. 2005) (The Eighth Circuit Court of Appeals affirmed the federal district court's dismissal of an action filed by a nonlawyer administrator of an estate on behalf of a prisoner who had died while incarcerated. "The district court dismissed, applying Arkansas law on survival actions, which prohibits 'a person who is not a licensed attorney and who is acting as an administrator, executor or guardian [from] practic[ing] law in matters relating to his trusteeship on the theory that he is practicing for himself." *Davenport v. Lee*, 348 Ark. 148, 72 S.W.3d 85, 90 (2002), quoting *Arkansas Bar Ass'n v. Union Nat'l Bank of Little Rock*, 224 Ark. 48, 273 S.W.2d 408, 410 (1954). . . . Although not bound by Arkansas law on the procedural question of amendability, this court adopts the reasoning in *Davenport*. Adrian Jones committed the unauthorized practice of law. Because '[p]rofessional competence and professional responsibility are the sine qua non of federal litigation and effective judicial response,' the defect cannot be amended."); *Chase v. City of Earle*, No. 3:09CV00167, 2010 WL 1658610, at ★2 (E.D. Ark. Apr. 21, 2010) (The federal district court dismissed an action filed by a nonlawyer administrator on an estate on behalf of a prisoner that died while incarcerated and held "[i]t is also important to note that plaintiff filed this action pro se. Individuals who are not licensed attorneys can appear in the courts and engage in the practice of law provided that they do so for themselves and in connection with their own business. *Stewart v. Hall*, 129 S.W.2d 238 (Ark.1939). When a non-lawyer attempts to represent the interests of other persons, the practice constitutes the unauthorized practice of law and results in a nullity. *Jones*, 401 F.3d at 952 (8th Cir. 2005). Moreover, a later appointed attorney cannot cure the complaint of its original defect. *Davenport v. Lee*, 348 Ark. 148, 155,

10

72 S.W.3d 85, 88 (2002). This rule protects the courts interests in ensuring that parties are represented by people knowledgeable and trained in the law. *Jones*, 401 F.3d at 952.")).

Further, the issue of what constitutes the unauthorized practice of law was thoroughly discussed by this court in *Arkansas Bar Ass'n*, 224 Ark. 48, 273 S.W.2d 408. We stated:

> It has been said in many opinions that it is not possible to give a definition of what constitutes practicing law that is satisfactory and all inclusive, and we make no such attempt. We do hold however that when one appears before a court of record for the purpose of transacting business with the court in connection with any pending litigation or when any person seeks to invoke the processes of the court in any matter pending before it, that person is engaging in the practice of law. To us this conclusion is obvious. Courts are constituted for the purpose of interpreting and administering the laws passed by the law making body and the rules announced by the judiciary, and they must necessarily be governed in their operation by rules of procedure. Attorneys are officers of the court and are able by special training and practice to know the law and rules of procedure, and are thereby in position to render a service to the court. Therefore anyone who assumes the role of assisting the court in its process or invokes the use of its mechanism is considered to be engaged in the practice of law.

*Id.* at 53, 273 S.W.2d at 411.

With these standards in mind, and reviewing Henson's filings, it is clear that Henson invoked the processes of the court when she filed her complaint. Based on the law discussed above, Henson's actions constituted an unauthorized practice of law, and her original complaint is therefore a nullity. Although the majority states that I have "put the cart before the horse," this is simply inaccurate. The majority need not reach the finality of the order because the complaint is a nullity, void and of no effect and the circuit court's order therefore properly dismissed the matter. Therefore, it is not necessary to reach the majority's finality analysis because a valid complaint was not filed within the statute of limitations. *See Preston v. Univ. of Ark. for Med. Sciences*, 354 Ark. 666, 128 S.W.3d 430 (2003) citing *Davenport, supra* (The dismissal was properly entered with prejudice because the Prestons's complaint was a

11

nullity, and by the time it was dismissed, the statute of limitations on the medical malpractice had run, precluding the filing of a new complaint.)

Finally, I must note that despite the circuit court's flawed reasoning, the circuit court reached the correct result. The issue presented seeks a determination of the correct statute of limitations—two years or three years. The record demonstrates that David Henson died on October 7, 2012; therefore, the statute of limitations ran either on October 7, 2014, or on October 7, 2015. However, whether the statute of limitations was two years or three years is not important, because under either scenario Henson's complaint was not timely filed. On October 5, 2015, Henson filed her pro se complaint on behalf of the estate. On November 16, 2015, on behalf of Henson, Henson's lawyer filed an amended complaint. However, because Henson's original complaint must be treated as a nullity, her amended complaint was not timely; therefore, the circuit court lacked jurisdiction. Simply put, the filing of a pro se complaint constituted the unauthorized practice of law; thus, rendered the complaint a nullity. Additionally, as discussed above, even if Henson were able to file the complaint as a statutory beneficiary as the majority suggests, all statutory beneficiaries must be joined as plaintiffs to the action, or the complaint is also a nullity, and Henson did not comply with this mandatory requirement.[1] Therefore, because no valid complaint was filed prior to the expiration of the

---

[1]Here, if Henson had filed suit as a statutory beneficiary pursuant to Ark. Code Ann. § 16-62-102 (b), Henson was required to join the statutory beneficiaries because "every action shall be brought by and in the name of the personal representative of the deceased person. If there is no personal representative, then the action shall be brought by the heirs at law of the deceased person." The requirement that a wrongful-death suit must join all of the statutory beneficiaries as parties is a mandatory requirement. In *Ramirez v. White Cty. Circuit Court*, 343 Ark. 372, 381, 38 S.W.3d 298, 303 (2001) we explained, "the language of Ark. Code Ann. § 16–62–102(b) is clear and unambiguous. If there is no personal representative of the deceased person, then the action shall be brought by all the heirs at law of the deceased. . . .

two-year or three-year limitations period, Henson was time-barred from bringing suit against Cradduck. In sum, a nonexistent complaint cannot be corrected or salvaged, the circuit court did not have jurisdiction, and therefore, it correctly dismissed the complaint with prejudice. *See Hackelton v. Malloy*, 364 Ark. 469, 474, 221 S.W.3d 353, 357 (2006).

Therefore, as discussed above, because the circuit court reached the right result albeit for the wrong reason, I would affirm the circuit court's dismissal with prejudice.

GOODSON and HART, JJ., join in this opinion.

*Morris W. Thompson Law Firm, P.A.*, by: *Morris W. Thompson*; and *Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Rainwater, Holt & Sexton*, by: *Jason E. Owens*, for appellees.

---

The Wrongful Death Statute, Ark. Code Ann. § 16–62–102(b), requires the action be brought by all of the heirs at law." "This rule dates back to this court's decision in *McBride v. Berman*, 79 Ark. 62, 94 S.W. 913 (1906). There, the court stated, '[t]hat in default of a personal representative an action brought under Lord Campbell's Act must make the widow (if there be one) and the heirs at law parties thereto.' *Id*. at 65, 94 S.W. at 914." *Davenport*, 348 Ark. at 160, 72 S.W.3d 85 at 91.